[No. 17021.  Department One.  April 27, 1922.]

G. T. KRAUSE, *Appellant,* v. THE INDUSTRIAL INSURANCE COMMISSION, *Respondent.*[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—ORDERS OF COMMISSION—REVIEW.  The courts cannot review an order of the industrial insurance commission on the facts of the classification, determining the amount of the award, where it was not capricious or arbitrary or based upon a misconstruction of the statutes.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 21, 1921, affirming an order of the industrial insurance commission, after a hearing before the court.  Affirmed.

[1]Reported in 206 Pac. 358.

*P. L. Pendleton,* for appellant.

*The Attorney General* and *John H. Dunbar, Assistant,* for respondent.

PER CURIAM.—On August 8, 1918, the appellant, Krause, while employed in an extra-hazardous occupation, was injured. He made application to the industrial insurance commission for compensation, and that body, after due examination, classified his injury as a permanent partial disability and made an award accordingly. In January, 1920, the appellant applied to the commission for a new classification, claiming that aggravation of his injuries had taken place so as to totally disable him, and that his injury should be classified as one of total disability. On receiving the application the commission caused the appellant to be examined by its chief medical advisor, who reported against the claim of the appellant, whereupon the commission refused a change of classification. The appellant thereupon instituted the present proceeding in the superior court of Pierce county to review the order of the commission. In that court a full examination into the matter was had, the final result being an affirmance of the order of the commission.

The cause presents some distressing features. The appellant was undoubtedly, at the time of trial, in a serious condition. There was, however, a sharp conflict of medical opinion whether his condition arose from an aggravation of his original injuries or from causes independent thereof—a conflict sufficiently sharp to compel the holding that the action of the commission was not capricious or arbitrary.

Although it has been repeatedly pressed upon us so to do, we do not feel that we should depart from our holding to the effect that an order of the commission

is not to be reviewed unless it clearly appears that the order is capricious or arbitrary, or is based upon a misconstruction of the governing statutes. It seems to us that so to do would be to take the administration of the insurance code from the commission in whom the legislature has vested it and vest it in the courts. Whether chaotic results would ensue from such a holding is, of course, only problematical, but we think it can hardly be gainsaid that the holding would hinder and delay that speedy adjustment of claims which the legislature has been so careful to provide, both for the benefit of the claimant and for the protection of the contributors to the fund out of which the claims are paid.

Nor do we feel that we have misinterpreted the legislative intent. Many sessions of the legislature have passed since we first announced the rule, and, while that body has repeatedly amended the code in other particulars, it has not changed the wording of the section relative to reviews; and this in face of the fact that we early pointed out that the wording of the section was not altogether clear, and was possibly capable of a different interpretation from that which we gave to it. Seemingly, if we had mistaken the legislative meaning, the legislature itself would have long since corrected us.

Affirmed.