[No. 20261. Department Two. April 18, 1927.]

JAMES A. LIDDLE, *Respondent*, v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

[1] MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—
AWARD OF COMMISSION—REVIEW. The refusal of the department
of labor and industries to reopen a case, and to make an in-
creased award for injuries received by a workman is not sub-
ject to review by the courts in the absence of a showing that
its action in that respect was arbitrary and capricious.

[2] SAME (121-2) Where the order of the department in the matter
of an accident claim refusing to reopen a case in April was con-
sidered final, and appeal taken therefrom, it cannot be urged
that the claim was not closed until September and that the
notice of appeal given should apply to the order in September
closing the claim.

Appeal from a judgment of the superior court for
King county, Stern, J., entered May 3, 1926, upon find-
ings in favor of plaintiff, on an appeal from an order
of the department of labor and industries refusing to
reopen a claim for compensation. Reversed.

*The Attorney General* and *M. H. Wight, Assistant,*
for appellant.

*Kenneth Durham,* for respondent.

ASKREN, J.—Respondent was injured in September
1922. A claim was filed with the department of labor
and industries for compensation, which was allowed,
and he was classified as having a temporary total dis-
ability, and paid at the monthly rate provided until
August, 1923. At that time, he was re-classified as
having a permanent partial disability and an award
was made of two hundred fifty dollars, and his claim
closed. In February, 1924, the claim was again re-
opened and he was classified as having a temporary

[1]Reported in 255 Pac. 385.

total disability from August, 1923, to April, 1925, and an award made of five hundred ninety-five dollars, making a total received by the claimant of one thousand one hundred seventy-five dollars. Reports were had from the doctors which the department concluded justified a final settlement of the claim, and notice was thereupon sent the claimant on April 16, 1925.

In July, 1925, the claimant applied for a reopening of his claim upon the ground of aggravation of his condition. He was re-examined by the chief medical advisor and a commission of three King county doctors, whose report was that the trouble from which the claimant was suffering was the result of a disease and not from injury, with the exception of an ankle injury for which compensation had previously been made. The department therefore notified the claimant, under date of September 4, 1925, that the claim would "remain closed as per our adjustment of April 16, 1925."

On September 9, the claimant requested a joint decision of the director of labor and industries, the supervisor of industrial insurance, and the supervisor of safety, as provided by law. On September 17, that body rendered a joint decision approving the action of the department.

Appeal was then taken by the claimant to the superior court, where the action of the department was set aside, and it was remanded with instructions to reopen the claim and to classify the claimant's disability and allow compensation. The department has appealed.

[1] The first ground of appeal, and we think the vital one, is that the departmental ruling on an application to reopen a claim is one that will not be set aside except for arbitrary action or caprice.

While our decisions may not be entirely harmonious

upon this question, the pronouncements of the court in *Sweitzer v. Industrial Insurance Commission,* 116 Wash. 398, 199 Pac. 724, and *Krause v. Industrial Insurance Commission,* 119 Wash. 662, 206 Pac. 358, state the rule that we desire to follow in cases of this character. In the first case cited, the claimant had suffered an injury, had been classified and received an award. Thereafter he applied to have his case reopened for a further award. The department refused to reopen the case, and an appeal was taken to the superior court where its action was set aside upon the ground that the original order was based on a permanent partial disability of a thumb instead of the entire left hand. Upon appeal, we disposed of this question as follows:

"It is our conclusion that the judgment of the trial court must be reversed. There is no evidence in the record justifying its conclusion that the commissioners in refusing to re-open the respondent's case acted either arbitrarily or capriciously. On the contrary, the evidence shows that they exercised the utmost good faith in their consideration of the case. They not only heard the respondent himself with respect to his ailments, but they caused him to be examined by their own medical examiners as well as by physicians not connected with the department, who are acknowledged experts on diseases and injuries of the character of which he complained, and based their action upon the results of these inquiries. The most that can be said of their action, even from the respondent's point of view, is that they erred in judgment. But this is not arbitrary or capricious action. These terms, when used in this connection, must mean wilful and unreasoning action, action without consideration and in disregard of the facts and circumstances of the case. Action is not arbitrary or capricious when exercised honestly and upon due consideration where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached."

In the second cited case, the claimant's injury was classified as permanent partial disability and award made. Later, he applied for a new classification, claiming an aggravation had taken place which totally disabled him, and asked to be classified as having total disability. Upon application the commission caused the claimant to be re-examined by its chief medical adviser who reported against the claim, and the change of classification was refused. The trial court upheld the commission and upon appeal its ruling was affirmed. We there, without citation, re-affirmed the doctrine of *Sweitzer v. Industrial Insurance Commission, supra,* saying:

"The appellant was undoubtedly, at the time of trial, in a serious condition. There was, however, a sharp conflict of medical opinion whether his condition arose from an aggravation of his original injuries or from causes independent thereof—a conflict sufficiently sharp to compel the holding that the action of the commission was not capricious or arbitrary.

"Although it has been repeatedly pressed upon us so to do, we do not feel that we should depart from our holding to the effect that an order of the commission is not to be reviewed unless it clearly appears that the order is capricious or arbitrary, or is based upon a misconception of the governing statutes. It seems to us that to do so would be to take the administration of the insurance code from the commission in whom the legislature has vested it and vest it in the courts. Whether chaotic results would ensue from such a holding is, of course, only problematical, but we think it can hardly be gainsaid that the holding would hinder and delay that speedy adjustment of claims which the legislature has been so careful to provide, both for the benefit of the claimant and for the protection of the contributors to the fund out of which the claims are paid."

In the instant case it clearly appears that the department made an honest and fair effort to investigate the

claim for reopening. The doctors chosen to report thereon were of the highest standing and there is nothing from which any arbitrary action can be inferred. The record discloses nothing but a mere difference of opinion, which courts have always rejected as amounting to caprice or arbitrary action.

[2] In this connection should be noticed the claim of respondent that this was not an appeal from an order denying an application to reopen the claim, but was a straight appeal from the order closing the claim. We have already adverted to the fact that application was made to reopen the case, and appeal taken from the refusal to reopen. At the trial the respondent amended his appeal notice to permit proof that the claim was not actually closed until the order of September 17, 1925. The evidence upon this point was to the effect that the supervisor had not signed a written order closing the claim in April, but that the final notice was sent by a clerk in the department, based on reports of claim agents. Whether the order was signed by the supervisor we think is immaterial. Common knowledge of the number of cases pending before the department during a given year impels us to the belief that it is a physical impossibility for the director to sign each and every order personally, or to personally pass upon every question. He must depend to a great extent upon those under him who perform the functions of the department under his control and under rules promulgated by him. The final notice in April was considered by the claimant as valid and his subsequent actions were based thereon. The department took the same view and all the actions were approved and ratified by the supervisor. To say that, under these circumstances, the notice of April was of no validity is to

destroy the ability of the supervisor to handle and dispose of these claims, and such a result must be avoided. We conclude that the judgment must be reversed.

MACKINTOSH, C. J., TOLMAN, and PARKER, JJ., concur.