[No. 24892.    Department Two.    April 6, 1934.]

JAMES BOLEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Charles F. Bolin,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

HOLCOMB, J.—The only question to be decided on this appeal is whether or not it was necessary under the law to appeal from a decision of the department, dated July 1, 1932, within sixty days, or whether a notice dated September 19, 1932, was the one from which the appeal could be taken, within the time limited by law, to the joint board.

There was no testimony taken before the joint board or the court below. All the facts in controversy are embraced in the correspondence and written communications exchanged between the parties.

[1]Reported in 31 P. (2d) 501.

The trial court made the following findings:

"That on May 31, 1931, the above named plaintiff received an injury while employed in extrahazardous employment in the state of Washington.

"That he filed his claim with the above named defendant asking for compensation for his injuries caused by said accident; that the same was accepted and acknowledged by defendant and thereafter plaintiff was paid compensation for time loss in the approximate sum of $52, which payment for time loss was closed and finaled on the 14th day of July, 1932, notice of which was received by the plaintiff on said date.

"That thereafter and on the 23rd day of December, 1932, the defendant awarded to plaintiff permanent partial disability in the amount of eight and 2/3 degrees and did on said date pay plaintiff the amount of said award in the sum of $260 and closed plaintiff's claim.

"That on the 16th day of January, 1933, plaintiff served on defendant a petition for a reopening of his claim and praying for further compensation in the way of time loss."

From the above findings, the court made the following conclusion of law:

"That plaintiff's petition for a reopening of his claim for the purpose of receiving the payment of further time loss was not filed within the time required by law for an appeal to be taken."

Claimant had suffered an eye injury which disabled him for about six months, for which time loss was paid. After that, the record shows that he returned to work, for which reason no further time loss could be paid. His injured eye, however, remained in a condition that required further treatment, so that the claim was closed for time loss after claimant was able to return to work, but was kept open for further treatment and to enable the department to pay for permanent partial disability when the condition of his eye became finally fixed.

A determination had been made by the department on July 1, 1932, as to the permanent partial disability rating and compensation, which was kept open by the department until claimant had been further examined by another physician in Yakima on May 16, 1932. The department being advised by the physician that he had removed the lacrimal sac of the injured eye, and that the patient would need be in the hospital for three or four days, it made a further time loss payment for the days so lost as reported by the physician, of all of which claimant was notified.

It is undisputed that claimant received notice of the award on July 14, 1932, as found by the trial court, and that on that date received the warrant which advised him that it was for closing his payment for time loss.

Subsequently, on November 3, 1932, claimant having been insistent that he had not received sufficient compensation for injury to his eye, and the department having been desirous of speedily ascertaining and determining the amount of compensation to be allowed to him and the extent of his disability without appeal to the superior court, upon the request of claimant himself that the matter be arbitrated by three physicians, one to be nominated by himself, one by the department, and the third to be chosen by the two physicians so selected, an arbitration agreement was accordingly entered into between him and the department to that effect. The sole duty of the arbitrators was to make findings on just two matters: (1) Was the injury sustained to the eye a penetrating wound of the cornea? and (2) The loss of vision to the injured eye set out in both corrected and uncorrected vision.

The two arbitrators so appointed in the formal agreement appointed a third physician, and reported on December 5, 1932, upon the matters submitted to

them and recommending a payment to claimant of compensation in the sum of $260. No question of time loss was mentioned in the agreement to arbitrate. Claimant was advised of the report of the commission on December 12, 1932, and that the amount of compensation allowed by the arbitrators had been awarded and ordered paid.

On December 23, 1932, claimant again wrote the department, in what he denominated a petition to review, wherein he claimed that no consideration was given to the monthly compensation to which he considered himself entitled to $768 for time loss.

After the award of July 1, 1932, had been made and notice sent to claimant, his then attorney, Mr. O. R. Schumann, wrote the department the following letter:

"Under date of July 1, 1932, the department executed partial settlement notice to the claimant which was received by him on July 11, 1932, the same was postmarked at the Olympia Post Office July 9, 1932. In this notice the claimant is notified that 'Final P. P. D. settlement later, if any.'

"Mr. Boley has consulted me with reference to this claim and wishes to ascertain how long he would be required to wait before P. P. D. settlement is made or will be taken up. This man has suffered a partial permanent disability and all that remain to be done now is to have his case properly satisfied. I have advised Mr. Boley that he has 60 days from the 11th day of July, 1932, in which to appeal from this order.

"The result of my investigation and research on his case clearly indicates that the case is now ready for action by your department as its proper classification on permanent partial disability claim. So kindly advise when we may expect further action or what the further attitude of the department will be in this case."

It is thus apparent that claimant was advised that it was necessary for him to take an appeal, if any was

intended, within sixty days after receipt of that notice which was undisputedly not later than July 14, 1932.

Appellant contends that his case was closed and reopened on nine different occasions, and finally was submitted to a board of arbitration. Examination of the documents referred to in the briefs of appellant, discloses that some of them were merely formal notices or orders for claimant to appear before physicians for examination as to his permanent partial disability claim. Some of them were notices of what had been done in reference thereto, but none of them were reopenings for further evidence of his claim for time loss.

The record sustains the findings of the trial court; and the provision of Rem. Rev. Stat., § 7697, requiring any claimant who is aggrieved by any order or decision or any award, to serve upon the department an application for a rehearing before the joint board within sixty days after claimant had received notice of such unfavorable order or award, was not complied with.

The findings and judgment of the trial court are right, and are affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.