[No. 27654. Department One. November 14, 1939.]

RICHARD W. SMITH, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 95 P. (2d) 1031.

*W. H. Sibbald,* for appellant.

*The Attorney General, J. A. Kavaney* and *Harry L. Parr, Assistants,* for respondent.

SIMPSON, J.—Appellant sustained an injury August 20, 1936, while engaged in extrahazardous employment. The injury consisted of a linear fracture of the third lumbar vertebra without compression.

Appellant filed his claim for compensation with the department of labor and industries October 17, 1936, and received medical aid with time loss to May 31, 1937. June 1, 1937, the supervisor of industrial insurance entered an order which stated:

"WHEREAS, under the terms of section 7679-L of the industrial insurance law, the Department is obliged to segregate the time loss and disability as distinguished between that caused by the injury and that caused by a preexisting disease;

"AND WHEREAS, review of your claim file and medical examination report dated May 18, 1937, indicate you have a condition of infected tonsils, which preexisted your injury of above date;

"THEREFORE it has been determined that by sole reason of your injury you are entitled to time loss compensation to May 31, 1937, inclusive; permanent partial disability to be rated later. Your claim is being advanced for payment on this basis and warrant will go forward in approximately seven days."

June 8, 1937, another order was made confirming the allowance for time loss and then provided, "Permanent partial disability to be rated 60 days if any."

The supervisor entered his final order August 20, 1937, denying further award for time loss or for permanent partial disability. A copy of the order was mailed to appellant on that day.

Appellant, October 26, 1937, appealed to the joint board of the department from the order of the supervisor closing the claim. Thereafter, the joint board

entered its order granting a hearing subject to proof that the statute of limitations had not operated against the appeal. The joint board conducted a hearing, at which evidence was submitted and the order of the supervisor affirmed, whereupon the appellant appealed to the superior court. A trial to the court upon the merits resulted in a judgment sustaining the action of the department.

In his appeal to this court, appellant urges error on the part of the trial court in dismissing the appeal without providing for further allowance.

■ A study of the record in this case convinces us that appellant did not prosecute his appeal to the joint board as commanded by Rem. Rev. Stat., § 7697 [P. C. § 3488], the pertinent portion of which reads:

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor· and industries, by mail or personally, within sixty days from the day on which such· copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, . . ."

The records of the department disclose that the order of the supervisor closing the claim was dated and mailed to appellant August 20, 1937. Notice of appeal to the joint board was served upon it October 26, 1937, more than sixty days after the date of the supervisor's order of closing. The record further indicates that this ostensible defect was called to the attention of appellant in the order granting a hearing before the joint board.

No contention was made at the hearing before the joint board that the final order of the supervisor was not communicated to appellant within normal mailing time after August 20, 1937. No evidence of any kind was introduced by appellant tending to show that his notice of appeal was timely.

The burden was upon appellant to challenge the existence of the apparent imperfection revealed by the record. Having failed to make any showing relative to compliance with the provision of the statute above quoted, we must conclude that the files of the department divulge the circumstances actually attendant upon the appeal to the joint board.

The giving of notice of appeal within the time prescribed by statute is jurisdictional. Failure to comply with that jurisdictional requirement prohibits the joint board from considering the merits of a claimant's appeal.

In the case of *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877, this court, in considering the question of appeals to the superior court, quoted with approval the following statement in 11 Cyc. 696:

" 'A court of special, limited, or inferior jurisdiction must by its record show all essential or vital jurisdictional facts of its authority to act in the particular case, and in what respect it has jurisdiction. This rule also applies to jurisdiction over special statutory proceedings exercised in derogation of, or not according to, the course of the common law. So the necessary jurisdictional facts must affirmatively appear by averment and proof to bring the case within the jurisdiction of such court.' "

The statute fixes the time and manner in which a claimant must proceed to perfect his appeal to the joint board. After the supervisor had passed upon appellant's claim for compensation and mailed him a

copy thereof, it was final and stood as a decision of the department unless he filed his appeal to the joint board within the sixty-day period allowed by the act.

All of the steps mentioned in the statute (Rem. Rev. Stat., § 7697) must be followed in order to confer jurisdiction, first upon the joint board, and then upon the superior court. Failure to comply with the requirements of the statute divests the appellate tribunals of jurisdiction to entertain the hearings.

In *Boley v. Department of Labor & Industries,* 177 Wash. 178, 31 P. (2d) 501, this court had before it the question involved in the case under present consideration, with the exception that the trial court in that case had dismissed the appeal because of the failure of the claimant to appeal to the joint board within the period required by law. In sustaining the action of the trial court in that case, this court stated:

"The record sustains the findings of the trial court; and the provision of Rem. Rev. Stat., § 7697, requiring any claimant who is aggrieved by any order or decision or any award, to serve upon the department an application for a rehearing before the joint board within sixty days after claimant had received notice of such unfavorable order or award, was not complied with."

The correctness of that holding is recognized in the cases of *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391; *Haugen v. Department of Labor & Industries,* 183 Wash. 398, 48 P. (2d) 565; *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347; *Ek v. Department of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097; and *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579.

The judgment of the trial court is affirmed.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.