[No. 28845. Department Two. November 19, 1942.]

ALBERT KUHNLE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 130 P. (2d) 1047.

*The Attorney General* and *Roy A. Huse, Assistant,* for appellant.

*Phil K. Eaton,* for respondent.

SIMPSON, J.—This appeal is from a judgment of the superior court which reversed an order of the department of labor and industries.

Claimant was injured April 16, 1935, while engaged as an employee in the logging industry. He filed a claim with the department which was allowed with payment of time loss to October 21, 1937, and closed as of that date with an award for permanent partial disability. Claimant's appeal to the superior court resulted in a dismissal. He then appealed to this court, where the judgment of the trial court was reversed and a new trial granted. *Kuhnle v. Department of Labor and Industries,* 12 Wn. (2d) 191, 120 P. (2d) 1003.

Thereafter, the department, in order to settle the controversy, placed claimant on a pension effective October 21, 1937, and deducted from his pension reserve the eighteen hundred dollars which had been allowed for permanent partial disability. Claimant accepted the offer as a basis for settlement, but insisted that he was entitled to compensation for additional time loss for the reason that October 26, 1936, the department had reduced his time loss compensation by paying him on the basis of fifty per cent loss of his earning power and that he was entitled to receive $42.50 per month from October 21, 1936, to October 21, 1937.

The order is as follows:

"Mr. Albert Kuhnle          October 26, 1936
Route 1                     Claim 707920
Elma, Washington.
Dear Sir:

"The above claim refers to your injury of April 16, 1935 and to your special examination of October 21, 1936.

"The writer has gone into your examination report with the doctor and it is his advice that your time loss be cut to fifty per cent or to $42.50 per month.

"Full time loss will be allowed up to and including the 19th day of October, and the time loss from that date to the time of the closure of your claim will be on the above basis, or $42.50 per month. Warrant for time loss to October 19th will be mailed in approximately six days.

Very truly yours,
DEPARTMENT OF LABOR AND INDUSTRIES,
J. L. CASSIDY
JLC: EB                     Asst. Claim Agent"

May 8, 1942, the superior court entered its judgment allowing claimant his pension, as provided in the agreement, and an additional sum of $42.50 per month for the period of time in question. Thereafter, the department appealed.

The assignment of error is that the trial court erred in entering judgment in favor of the claimant awarding him monthly time loss compensation from October 21, 1936, to October 21, 1937, based upon fifty per cent loss of earning power previously awarded claimant by an order of the department dated October 26, 1936. The order of allowance was made October 26, 1936, and a copy mailed to respondent on the same day. It is admitted that respondent did not appeal from the order until nearly a year had passed, and that during that time he had accepted the monthly award provided by the order.

Appellant urges that respondent's procedure for appeal is governed by Rem. Rev. Stat., § 7697 [P. C. § 3488], which provides that a claimant feeling aggrieved by an order of the department must appeal within sixty days, and that his failure to prosecute his appeal as provided by the act renders the original order *res judicata*.

■ The order of October 26, 1936, was a definite determination and adjudication of respondent's right to time loss compensation and a finding of partial earning capacity, together with an ascertainment of re-duced compensation necessitated by Rem. Rev. Stat., § 7679 [P. C. § 3472] (d) (4). *Liddle v. Department of Labor & Industries,* 143 Wash. 380, 255 Pac. 385.

The statute, Rem. Rev. Stat., § 7697, provides in part:

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. *Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, . . .*" (Italics ours.)

In view of the portion of the statute just indicated by italics, it is quite plain that, where no appeal to the joint board is taken from an order within the time limit, the rule of *res judicata* applies and the time is not extended by reason of a subsequent decision concerning permanent disability. *Boley v. Department of Labor & Industries,* 177 Wash. 178, 31 P. (2d) 501; *Smith v. Department of Labor & Industries,* 1 Wn. (2d) 305, 95 P. (2d) 1031; *LeBire v. Department of Labor & Industries,* 14 Wn. (2d) 407, 128 P. (2d) 308.

The order of the department in the case at bar reducing respondent's time loss compensation to fifty per cent of the original amount allowed, determined his right to receive a benefit under the act. The order was final in its nature and placed upon respondent the

duty of appealing to the proper tribunal if he was not satisfied with the award contained in the order. His failure to follow the dictates of the statute bars him from any attempt to again litigate the same issue.

The judgment of the superior court will be modified by striking therefrom the allowance of compensation from October 21, 1936, to October 21, 1937.

ROBINSON, C. J., BEALS, BLAKE, and DRIVER, JJ., concur.

