[No. 29754. Department Two. January 26, 1946.]

LAWRENCE E. MERCHANT, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 165 P. (2d) 661.

*Griffin & Gershon* and *Russell F. Stark,* for appellant.

*The Attorney General* and *Harry L. Parr, Assistant,* for respondent.

BLAKE, J.—On July 8, 1939, claimant, while engaged in extrahazardous employment, met with an accident, as the result of which he sustained injuries to his back and legs. The supervisor of industrial insurance allowed his claim for time loss and treatment of his injuries. He was subjected to what seems to have been quite a radical treatment over a long period of time. In 1940, he refused to submit to further treatment, and the supervisor entered an order suspending payments. He appealed to the joint board, which reversed the order of the supervisor, "with instructions to reopen the claim . . . for further compensation . . . and for further treatment, . . ."

After submitting to further treatment for several months, claimant again refused to go on with it. The supervisor thereupon (February 6, 1941) entered an order providing that the "claim be withheld, and your right to further compensation BE SUSPENDED, effective this date, for failure to accept treatment."

Claimant appealed to the joint board for a rehearing, asking that the extent of his disability (permanent partial) be determined and that compensation be allowed accordingly. A hearing was had, after which (December 22, 1941) the joint board found that the claimant was in need of the recommended treatment and that the treatment was reasonable, necessary, and beneficial to his best interests and recovery, and entered an order sustaining the action of the supervisor.

From that order, claimant appealed to the superior court for Grays Harbor county. The cause was tried to a jury, which returned a verdict in favor of claimant. Judgment was entered on the verdict, remanding the cause "to the Joint Board of the Department of Labor and Industries with instructions to fix the compensation to which the plaintiff is entitled."

Pursuant to this judgment, the department remanded the matter to the supervisor. On June 10, 1942, the supervisor entered an order allowing claimant three hundred dollars on account of permanent partial disability and closing the claim. Claimant appealed from this order to the joint board, which, after hearing, entered an order providing that "the Supervisor's action be and hereby is sustained."

From this order, claimant again appealed to the superior court for Grays Harbor county. The cause was tried to a jury, which returned a verdict fixing the "amount of permanent partial disability" at eighty per cent.

Upon motions of the department and the employer, the court entered a judgment for the department and the employer notwithstanding the verdict, and dismissed the action on the ground that the judgment rendered on the former appeal to the superior court for Grays Harbor county was *res judicata* of the issue presented by the latter appeal. Plaintiff appeals to this court from the judgment so entered.

█ We think it is clear that the matter of permanent partial disability was not in issue on the former appeal. Nor could it, on that appeal, have been submitted to, nor determined by, the court. For we have held that the superior court has no jurisdiction in the first instance to award compensation to an injured workman. *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7.

In that case it was said, p. 543:

"When the department decided that Cole was not injured as the result of a fortuitous event, and that, therefore, he had no right whatever to compensation, it manifestly made no decision on the question of proper classification or degree of any injuries suffered by him. Indeed, the department then had no occasion to decide any such questions. For the superior court to entertain those questions and de-

termine the amount of compensation, as it did in this case, was to assume original jurisdiction over a subject within the exclusive original jurisdiction of the department. It seems to us, that to allow the superior courts to render judgments going to the extent of the one here in question would be to allow them to exercise original jurisdiction in the administering of the law, in every case wherein the department should decide that the claimant was not injured as the result of a fortuitous event, and the superior court, upon review, should decide otherwise. This, we feel quite sure, would be going clearly beyond both the letter and spirit of the law."

We have further held that the jurisdiction of the superior court is limited to a review of "a question or questions which have been *actually decided* by the department." (Italics ours.) *Leary v. Department of Labor & Industries,* 18 Wn. (2d) 532, 541, 140 P. (2d) 292.

Applying the rules laid down in these cases to the one at bar, it is clear that the question of permanent partial disability was not at issue on the first appeal to the superior court—first, because the department had not passed upon it; and second, because the decision of the joint board was confined solely to the propriety of the order of the supervisor holding the claim in abeyance until such time as claimant would submit to further treatment.

The second appeal, which is now under review, presents the question of permanent partial disability for the first time and claimant is entitled to have it adjudicated. It was the province of the jury to determine the amount of permanent partial disability suffered by claimant; and, since there was substantial evidence to sustain the verdict, it will not be disturbed. *Peterson v. Department of Labor & Industries,* 22 Wn. (2d) 647, 157 P. (2d) 298.

The judgment is reversed and the cause is remanded, with direction to enter judgment on the verdict.

SIMPSON, BEALS, ROBINSON, and JEFFERS, JJ., concur.