[No. 33220. Department Two. January 19, 1956.]

DAN BRAKUS, *Respondent*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

[1] Reported in 292 P. (2d) 865.

The Attorney General and Edwin R. Roberts, Assistant, for appellant.

Walthew, Oseran & Warner, for respondent.

HILL, J.—Quaere: Where the department of labor and industries has closed a workman's claim arising from an industrial injury with an allowance of a certain percentage for permanent partial disability and the workman alone appeals from the closing order to the board of industrial insurance appeals on the sole ground that he is entitled to a greater percentage for permanent partial disability than the department has allowed, can the board, after finding that the workman has not established that any of his permanent partial disability is the result of his industrial injury, reverse the order closing the claim and direct that it be closed with no allowance for permanent partial disability?

Answer: The board of industrial insurance appeals is, as its name indicates, an appeals board. Its authority is limited, as was that of its predecessor, the joint board of the department of labor and industries, to a determination of the issues raised by the notice of appeal (called an application for rehearing prior to the effective date of chapter 219, Laws of 1949, p. 714); and, even though the workman appealing from the closing order fails to establish his right to *any* award for permanent partial disability, the board does not have the power or authority to reverse or set aside

the order of the department allowing a certain percentage for permanent partial disability.

■ *Reasons*: At all times pertinent to the present case, the law applicable to appeals from orders of the department of labor and industries to the joint board of the department of labor and industries and its successor, the board of industrial insurance appeals, has provided that the notice of appeal shall set forth "in full detail" the grounds upon which it is considered that the order, decision, or award appealed from is unjust or unlawful, ". . . and *shall include every issue to be considered by the board. . . .*" (Italics ours.) Laws of 1951, chapter 225, § 7, p. 685 (RCW 51.52.070). The same section of the statute states that:

"The workman, beneficiary, employer, or other person *shall be deemed to have waived all objections or irregularities concerning the matter on which such appeal is taken other than those specifically set forth in such notice of appeal* or appearing in the records of the department." (Italics ours.)

See, also, Laws of 1951, chapter 225, § 8, p. 686 (RCW 51-.52.080), where it is stated that if a hearing is ordered before the board, the board is ". . . *to decide the issues raised.*" (Italics ours.)

(The statutes just quoted are those currently in effect, but all of the language quoted or its equivalent has been in our statutes at all times since the workman in this case made his application for a rehearing before the joint board of the department of labor and industries, July 1, 1947.)

We have held that, although the evidence before the board might take a wide range, the board cannot enlarge the lawful scope of the proceedings, which· is limited strictly to the issues raised by the notice of appeal (or application for rehearing before the joint board). *Karlson v. Department of Labor & Industries* (1946), 26 Wn. (2d) 310, 332, 173 P. (2d) 1001. See, also *Nagel v. Department of Labor & Industries* (1937), 189 Wash. 631, 640, 66 P. (2d) 318.

■ *Discussion of the department's position*: The department of labor and industries has the original and ex-

clusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a "compensable injury" has occurred and the extent thereof. *Abraham v. Department of Labor & Industries* (1934), 178 Wash. 160, 163, 34 P. (2d) 457; *Luton v. Department of Labor & Industries* (1935), 183 Wash. 105, 109, 48 P. (2d) 199. Although any of its findings are subject to attack and, if attacked, there is no presumption that they are correct (*Olympia Brewing Co. v. Department of Labor & Industries* (1949), 34 Wn. (2d) 498, 208 P. (2d) 1181), they are reviewable only by appeal. *Luton v. Department of Labor & Industries, supra.*

■    The department could not appeal from its own order determining the extent of the workman's permanent partial disability attributable to his industrial injury, nor could it recover the amount of the award it had paid. *State ex rel. Dunbar v. Olson* (1933), 172 Wash. 424, 20 P. (2d) 850. Nor could it vacate that order after the appeal period had expired, "unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened." *Abraham v. Department of Labor & Industries, supra; Luton v. Department of Labor & Industries, supra; LeBire v. Department of Labor & Industries* (1942), 14 Wn. (2d) 407, 415, 128 P. (2d) 308.

■    Nevertheless, the department was not without some means of protecting itself if it believed that it had erred or been mistaken as to either the cause or the extent of the workman's permanent partial disability. Within the time allowed for the taking of an appeal from its order, the department could have withdrawn the order and directed ". . . the submission of further evidence or the investigation of any further fact, . . ." Laws of 1951, chapter 225, § 6, p. 685 (RCW 51.52.060). Although this section of the law has been amended several times, this particular provision has been contained therein since 1927. Laws of 1927, chapter 310, § 4, p. 845 (Rem. Comp. Stat. (Sup.), § 7679(h)); *Sumerlin v. Department of Labor & Industries* (1941), 8 Wn. (2d) 43, 62, 111 P. (2d) 603; *Wiles v.*

*Department* of *Labor & Industries* (1949), 34 Wn. (2d) 714, 721, 209 P. (2d) 462.

As indicated by the statutes and cases cited, the right of the department to withdraw a closing order within the appeal period was recognized prior to 1947, when the application for rehearing in this case was filed. Though of no significance here, the 1951 act extended that right from closing orders to "an order, decision, or award of the department"; then, by a further proviso, extended the time in the event of an appeal and stated affirmatively what had previously been implied as to the action the department might take after such a withdrawal. That proviso reads as follows:

". . . *Provided further*, That the department, either before receiving a notice of appeal, or within thirty days thereafter, may modify, reverse or change any order, decision, or award, . . ." Laws of 1951, chapter 225, § 6, p. 685 (RCW 51.52.060).

Nor was the department precluded from taking the necessary steps to vacate the closing order in question if it could establish fraud or something of like nature which equity recognizes as sufficient to vacate a judgment, although:

"Even in such cases, it would seem that the department would necessarily have to appeal to equity and give opportunity for a full inquiry before its judgment could be vacated." *Abraham v. Department of Labor & Industries, supra.*

Despite the fact that the employer took no appeal from the closing order in this case and the department took no steps to withdraw the order and has taken no steps to vacate it, the department now urges that its determination in May, 1947, was erroneous, and that there was no permanent partial disability attributable to the injury. The department claims the right to comply with the order of the board that it "hold said order [of May 6, 1947] for naught and close the claim for the alleged injury . . . with no permanent partial disability award," on the theory that, the workman having appealed from the closing order, the statute provides that the hearing before the board ". . .

shall be *de novo* and summary . . . ." (Laws of 1951, chapter 225, § 11, p. 688 (RCW 51.52.100), and earlier enactments) and that the findings and decisions of the board shall be *prima facie* correct. Laws of 1951, chapter 225, § 15, p. 692 (RCW 51.52.115), and earlier enactments.

■ This contention ignores the sections of the statute we have heretofore quoted stating that notice of appeal ". . . shall include every issue to be considered by the board . . . ." and that the hearing before the board is to decide the issues raised by that notice. The trial *de novo* is on the issues properly before the board, and the findings and decisions of the board are *prima facie* correct if they concern matters which are within the issues presented. For the determination of those issues, the board is given broad powers, including the power to secure such evidence in addition to that presented by the parties as it ". . . deems necessary to decide the appeal fairly and equitably, . . . ." Laws of 1951, chapter 225, § 12, p. 690 (RCW 51.52-.102); *Baker v. Department of Labor & Industries* (1935), 181 Wash. 85, 89, 42 P. (2d) 13; *Wiles v. Department of Labor & Industries, supra.* It is recognized that amendments may now be made to the notice of appeal with the board's permission or on its suggestion (Laws of 1951, chapter 225, § 10, p. 687 (RCW 51.52.095)), but we find no warrant in the statutory enumeration of the board's powers, past or present, for the contention that the board can, on its own motion, change the issues brought before it by a notice of appeal and enlarge the scope of the proceedings.

*Disposition of the appeal*: The superior court having correctly determined the question presented on this appeal, the judgment is affirmed.

HAMLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.