[No. 33282. Department One. January 19, 1956.]

WILLIAM O. PERRY, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Haydn H. Hilling, Assistant,*
for appellant.

*Walthew, Oseran & Warner,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment
pursuant to a verdict granting respondent a pension under
the workmen's compensation act.

William O. Perry sustained an industrial injury to his
knee in the course of his extrahazardous employment with
the S. B. S. Logging Company, Inc., on June 22, 1950. The

[1]Reported in 292 P. (2d) 366.

accident was reported on July 3, 1950. November 30, 1951, the supervisor closed the claim with a permanent partial disability award of fifty per cent of the amputation value of the leg at or above the knee. January 21, 1952, the claimant appealed to the board of industrial insurance appeals. February 14, 1952, the supervisor ordered his previous order held in abeyance. February 14, 1952, the board denied the appeal. July 29, 1952, the supervisor issued the following order:

"WHEREAS the department by Order and Notice dated February 14, 1952, pursuant to Chapter 225, Section 6, Laws of 1951, held in abeyance the department's order of November 30, 1951, pending a further investigation of the order appealed from and

"WHEREAS further medical examinations have been had and said examinations indicate that the permanent partial disability of fifty percent (50%) of the amputation value of the right leg at or above the knee is adequate for the disability sustained to said knee, and

"FURTHER that as a result of the injury of June 22, 1950 it has been determined that the claimant is entitled to an additional permanent partial disability of twenty-percent (20%) of the maximum for unspecified disability for the back condition and

"FURTHER that the condition of spermatoceles is not causally related to the injury of June 22, 1950, and the department therefore, denies any and all responsibility for treatment or permanent partial disability resulting from the said condition of spermatoceles;

"IT IS THEREFORE ORDERED that the above mentioned permanent partial disability award be paid and the claim thereafter closed."

At the bottom of the order appeared the following in black face type:

"No Protest Relative To This Order Or Appeal Therefrom Can Be Recognized Unless Made Within 60 Days From The Date Of Claimant's Receipt Of This Order."

Nothing further occurred until November 13, 1952, when the following order was issued:

"IT IS HEREBY ORDERED THAT:

"This claim be reopened to pay additional 20% unspecified disability, $1000.00.

"Time loss as paid

"Claim is hereby closed."

December 2, 1952, the claimant appealed to the board. from the order of November 13th. The pertinent portions of the notice of appeal are set out:

"Comes now the claimant above named and petitions the Board of Industrial Insurance Appeals for a rehearing upon his above-numbered claim, appealing to the said Board from the order of the Supervisor of Industrial Insurance dated November 13, 1952, reopening his claim to pay 20 per cent unspecified in the sum of $1,000.00. . . .

"II. That the claimant was injured in the course and scope of extra-hazardous activity in the employ of S. B. S. Logging Company, Inc., on June 22, 1950; that as a proximate result of the said injury he is totally and permanently disabled from engaging in any gainful occupation continuously and is entitled to a pension therefore, or in the alternative that he has suffered severe permanent partial disability to his right lower extremity and back to an extent which far exceeds the prior award of the Supervisor of Industrial Insurance.

"WHEREFORE, the claimant prays for a re-hearing before the said Board; that he be placed on the pension rolls, or in the alternative that he receive additional permanent partial disability compensation; and that he receive such other and further relief as may be proper under the workmen's compensation act of the State of Washington."

The matter came on for hearing before the board on May 8, 1953. At the outset, the department contended that the appeal was limited solely to the order of November 13th. The following colloquy occurred between Mr. Baker, representing the department, and Mr. Juhl, the examiner for the board:

"MR. BAKER: It seems to me from the appeal on December 4, 3 or 4, that the first paragraph is saying here they are appealing said award from the order of the Supervisor of Industrial Insurance dated November 13, 1952, reopening the claim to pay the 20 per cent unspecified, and therefore they are not touching the other injury—I mean the other award. They evidently were satisfied regarding the knee, the 50 per cent award at or above the knee.

"MR. JUHL: Mr. Baker, there has been only one appealable order in this case and that is the order dated November 13,

1952. The previous order never became final. They are now alleging that he is permanently and totally disabled, which they have a right to do, so that opens up the entire field. There is nothing that is res judicata. I don't know why you bring in these things that aren't material. Will you proceed, please, Mr. Warner?"

Testimony was taken and the hearing continued from time to time. February 5, 1954, the board entered an order sustaining the order of the supervisor, dated November 13, 1952. The claimant timely appealed to the superior court. As a result of the verdict of the jury, the trial court decreed that the order of the board be reversed and remanded to the department with directions to classify the claimant as totally and permanently disabled. This appeal follows.

Error is assigned on two grounds: failure to dismiss for lack of jurisdiction, and failure to dismiss for sufficiency of evidence. We shall consider only the first assignment.

Section 6, chapter 225, Laws of 1951, p. 685 [cf. RCW 51.52.060] provides, in part:

"Any workman, beneficiary, employer, or other person aggrieved by any order, decision, or award of the department must, before he appeals to the courts, file with the board and the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision, or award was communicated to such person, a notice of appeal to the board:  . . ."

In *Kuhnle v. Department of Labor & Industries,* 15 Wn. (2d) 427, 130 P. (2d) 1047, the department, on October 26, 1936, notified the claimant that it had reduced his time loss compensation to fifty per cent. He did not appeal for nearly a year. Upon appeal, the superior court reinstated the time loss compensation which he claimed. We reversed, stating:

"The order of October 26, 1936, was a definite determination and adjudication of respondent's right to time loss compensation and a finding of partial earning capacity, together with an ascertainment of reduced compensation necessitated by Rem. Rev. Stat., § 7679 [P. C. § 3472] (d) (4). *Liddle v. Department of Labor & Industries,* 143 Wash. 380, 255 Pac. 385.

"The statute, Rem. Rev. Stat., § 7697, provides in part:

" 'Whenever the department of labor and industries has

made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. *Any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts, serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, . . . .'* (Italics ours.)

"In view of the portion of the statute just indicated by italics, it is quite plain that, where no appeal to the joint board is taken from an order within the time limit, the rule of *res judicata* applies and the time is not extended by reason of a subsequent decision concerning permanent disability. [Citing cases.]

"The order of the department in the case at bar reducing respondent's time loss compensation to fifty per cent of the original amount allowed, determined his right to receive a benefit under the act. The order was final in its nature and placed upon respondent the duty of appealing to the proper tribunal if he was not satisfied with the award contained in the order. His failure to follow the dictates of the statute bars him from any attempt to again litigate the same issue."

The order of July 29, 1952, was definite and certain. It decided that the permanent partial disability of fifty per cent was adequate for the disability to the knee; it determined that the claimant was entitled to an additional permanent partial disability of twenty per cent for unspecified disability for the back condition; and it decided that the condition of spermatoceles was not causally related to the original injury. It ordered that the permanent partial disability award be paid and the claim closed. No appeal was taken from this order.

More than sixty days had elapsed since the July 29th order, and, no appeal having been taken therefrom, all matters determined by it became final. The payment of the "additional twenty per cent unspecified disability" was a mere ministerial act, and the department had no right, on its own motion, to reopen the claim in the absence of a

showing of aggravation, diminution, or termination within the purview of RCW 51.32.160. The order of November 13th contained no decision or award from which an appeal could be taken. Neither the department nor the claimant could stipulate jurisdiction in the board to consider the abortive appeal.

No appeal was taken from the order of July 29th. The board was therefore without jurisdiction to have those matters relitigated. It follows that the superior court was likewise without jurisdiction to entertain an appeal from the action of the board. *Smith v. Department of Labor & Industries*, 1 Wn. (2d) 305, 95 P. (2d) 1031.

The judgment is reversed. Respondent is not foreclosed from applying in the future to the board for a pension based upon permanent and total disability resulting from aggravation, provided he does so within the statutory period.

HAMLEY, C. J., HILL, FINLEY, and OTT, JJ., concur.

March 6, 1956. Petition for rehearing denied.