[No. 31336-3-I.    Division One.    September 6, 1994.]

FREDERIC C. HANQUET, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

---

*Christine Foster* of *Washington Appellate Defender Association,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Lisa D. Kelley, Assistant,* for respondent.

GROSSE, J. — The Department of Labor and Industries (the Department) denied Frederic Hanquet's claim for workers' compensation benefits on the basis that he was a sole proprietor, not a worker. The Board of Industrial Insurance Appeals (the Board) reversed that determination, but denied the claim on the basis of a different exclusion. The Superior Court, upon Hanquet's further appeal, entered judgment denying his claim on both grounds. We reverse the Superior Court's judgment denying Hanquet's claim and hold (1) both the Board and the Superior Court erred by considering an exclusion which was beyond the scope of the issues upon which the Department passed; and (2) the Superior Court was without authority to review the Board's order reversing the Department's determination that Hanquet was not a worker.

## FACTUAL BACKGROUND

Hanquet was hired by Casper Wolf to erect a building on Wolf's property. Hanquet agreed to work for Wolf for $25 per hour and said he would bring two other workers with him. Wolf supplied ladders and other tools for the project. Neither Hanquet nor Wolf paid industrial insurance premiums to cover potential on-site injuries.

Wolf characterized the structure that was constructed as a storage shed:

It has three bays. It's a very tall building with three bays, and in one bay I have my house trailer. On the other bay on the other side I have my snowmobiles and motorcycles, and in the center bay I have a barbecue pit, picnic table, and a bathroom.

Hanquet described the same building as follows:

It was a combination trailer storage-cabin, where during the summer he could put two trailers outside in the sun, and it's ten acres, . . . and his family could stay in the two trailers and enjoy the property and during the winter he'd push the two trailers inside, at which it was specially designed that people could come off of one trailer, come out of another trailer, and go into a central living area that had stairs going up to a second story.

During construction, a wall fell on Hanquet and broke his leg. He filed a claim with the Department seeking workers' compensation benefits.

## Procedural History

The Department rejected Hanquet's claim, finding that he "was a sole proprietor or partner at the time of injury and had not elected to be insured under the provisions of the Industrial Insurance Laws." RCW 51.12.020 specifically excludes sole proprietors, as well as eight other categories of employment, from the mandatory coverage provisions of RCW Title 51.

Hanquet timely appealed to the Board. An industrial appeals judge (IAJ) held a hearing and defined the sole issue on appeal as whether Hanquet was a "worker" within the meaning of RCW 51.08.180 or excluded from coverage by virtue of RCW 51.12.020(5), "the sole proprietor" exclusion. No other statute or exclusion was at issue.

The decision of the IAJ proposed to reverse the Department's denial of Hanquet's claim and to remand for adjudication thereof. The IAJ observed that Hanquet and Wolf had chosen to leave their employment relationship ambiguous but reasoned that Hanquet did not meet the statutory definition of "contractor" in RCW 18.27.010. Applying *White v. Department of Labor & Indus.*, 48 Wn.2d 470, 294 P.2d 650 (1956), the IAJ found by a preponderance of the evidence that Hanquet was an hourly employee and a "worker" within the definition of RCW 51.08.180.

As is its right under RCW 51.52.104, the Department petitioned the Board for further review, contending that the proposed decision erroneously determined Hanquet to be a worker. In its written decision, the Board stated that Hanquet had to establish that his injury occurred while "he was a *worker* engaged in *covered employment*". The Board agreed with the IAJ's "well-founded determination" that Hanquet was a worker employed by Wolf.

The Board nonetheless denied Hanquet's claim by invoking a different basis for exclusion from coverage. Subsection

(3) of RCW 51.12.020 removes a worker from mandatory coverage if his employment "is not in the course of the trade, business, or profession of his or her employer and is not in or about the private home of the employer." Relying on the same testimony that Hanquet had used to establish his status as a worker, the Board concluded that Hanquet had not been working in Wolf's business nor in and about Wolf's private home.

Hanquet appealed the Board's decision to superior court. The Department did not file a notice of appeal or cross appeal. Hanquet attempted to limit the court to a procedural issue, *i.e.*, whether the Board's use of a different exclusion had improperly raised a new issue. The court allowed the Department to present argument not only on the applicability of RCW 51.12.020(3), the "private home" exclusion, but also on whether the Board had erroneously determined Hanquet to be a worker.

The Superior Court ruled in favor of the Department, applying both exclusions against Hanquet. First, the court found that Hanquet was acting as an independent contractor and was not a worker and reversed the Board's determination of that issue. Second, the court affirmed the Board's determination that Hanquet's employment was excluded from mandatory coverage under RCW 51.12.020(3) because building sheds was not in the course of Wolf's profession and the structure was not Wolf's private home. Hanquet timely appealed.

### "Private Home" Issue

Hanquet first contends that by denying his claim under the "private home" exclusion of RCW 51.12.020(3), the Board exceeded its proper scope of review of the Department's order. He contends that the Board's use of a subsection not addressed by the Department to deny his claim was beyond the proper scope of the Board's review. We agree.

■ The Board's scope of review is limited to those issues which the Department previously decided. *Lenk v. Department of Labor & Indus.*, 3 Wn. App. 977, 982, 478 P.2d 761

(1970) ("[I]f a question is not passed upon by the department, it cannot be reviewed either by the board or the superior court."). "[W]e find no warrant in the statutory enumeration of the board's powers, past or present, for the contention that the board can, on its own motion, change the issues brought before it by a notice of appeal and enlarge the scope of the proceedings." *Brakus v. Department of Labor & Indus.*, 48 Wn.2d 218, 223, 292 P.2d 865 (1956).

The Department's order rejecting Hanquet's claim framed the issue as whether Hanquet was a sole proprietor or partner at the time of the injury rather than a "worker" under RCW 51.08.180. The hearing judge accepted that definition of the issue. We are not persuaded that the Department's initial denial of coverage put every possible basis for denying coverage at issue in the hearing. Hanquet had no notice that RCW 51.12.020(3) would be considered as an additional basis for denying him coverage. When the Board entertained the additional exclusion issue, it enlarged the scope of the proceedings on its own motion, contrary to the rule in *Brakus*.

Responding to the wording of the Department's order denying his claim, Hanquet mustered evidence that he was a worker, not a sole proprietor. Not until Hanquet received the Board's final decision did he become aware that having avoided the sole proprietor exclusion, he would still be denied coverage because Wolf was not in the construction business and employment was not in or about Wolf's private home. Though bearing the burden to prove eligibility under the industrial insurance statutes, Hanquet cannot reasonably be expected to prove the negative of every one of the nine possible exclusions under RCW 51.12.020.

The Board's error in raising a new issue on its own motion was prejudicial to Hanquet. The determination of whether Wolf's structure was his private home or not is highly fact-specific. Even though no evidence had been presented directly and specifically on this issue, the Board divided 2 to 1 in its written decision. The dissenter believed that Wolf's structure had all the attributes of a private home, while the majority thought it insufficient as a residence "in a stand-

alone sense." Had Hanquet been aware of the "private home" issue at the hearing, he might have been able to present additional evidence or argument bearing on the question and the outcome may well have been different.

Because the Superior Court's decision affirmed the Board on an issue not properly before the Board, it follows that the court likewise exceeded the proper scope of review.

> Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board.

RCW 51.52.115.

We recognize that this statute also provides that the superior court's review on appeal from an order of the Board is de novo.[1] However, even after this de novo review provision was added to Rem. Rev. Stat. § 7697 (Supp. 1949) (the predecessor to RCW 51.52.115) and the superior court's scope of review was thereby broadened, the Supreme Court has consistently held that the superior court may *not* consider a question that was not properly before the board. *See, e.g., Puget Sound Bridge & Dredging Co. v. Department of Labor & Indus.*, 26 Wn.2d 550, 554-55, 174 P.2d 957 (1946) (the question of whether or not the employer's office employees should be classified under Rem. Rev. Stat. § 7676, class 9, was not before the joint Board of the Department and therefore could not be considered by either the trial court or the Supreme Court); *Merchant v. Department of Labor & Indus.*, 24 Wn.2d 410, 165 P.2d 661 (1946) ("[T]he jurisdiction of the superior court is limited to a review of 'a question or questions which have been *actually decided* by the department.'" *Merchant*, at 413 (quoting *Leary v. Department of Labor & Indus.*, 18 Wn.2d 532, 541, 140 P.2d 292 (1943)).

The foregoing cases clearly indicate that the authority of the superior court to determine an issue in a workers' compensation matter depends upon whether or not the Board

---

[1] "The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110". RCW 51.52.115.

properly addressed that issue. In the instant case, although the Board addressed the private home exemption and, in fact, denied Hanquet's claim based on this exemption, the Board exceeded the proper scope of its review by addressing this issue. We decline to hold that the superior court may properly address an issue merely because the Board addressed it, when in fact the Board exceeded the proper scope of its authority by addressing it. That part of the Superior Court's decision which applies RCW 51.12.020(3), the "private home" exclusion, perpetuates the Board's error and is reversed.

## "WORKER" ISSUE

As discussed above, both the Board and the Superior Court were without jurisdiction to consider the "private home" issue. The sole issue properly before the Board was whether Hanquet was a worker entitled to benefits. The question becomes whether the Superior Court had jurisdiction to review the "worker" issue. Because we find that the "worker" issue was not properly appealed, we hold that the Superior Court lacked jurisdiction to review it.

The industrial insurance statutes provide an aggrieved party a right of appeal to the superior court from a decision of the Board.[2] Hanquet clearly was not an "aggrieved party" with respect to the Board's determination that he was a worker, and he had no reason to appeal from the Board's favorable determination of that issue.[3] Indeed, it is unclear

---

[2]RCW 51.52.110 provides in part:

"Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal . . . such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court."

[3]We note that Hanquet's Notice of Appeal to the Superior Court from the Board's decision states that he appealed "from each and every part" of the Board's order. However, the Notice of Appeal is obviously a standard form that Hanquet's counsel used in all similar cases, altered from case to case by the addition of the appropriate claim number and date. Common sense dictates the conclusion that Hanquet was only claiming error as to the Board's conclusion on the "private home" issue, not the "worker" issue. Under the circumstances, we decline to impose an overly literal construction on the Notice of Appeal, and we read the Notice as an appeal from only that portion of the Board's order adverse to Hanquet, namely the "private home" issue.

whether Hanquet would have even been entitled to appeal, since RCW 51.52.110 addresses the right of a "worker, beneficiary, employer or other *person aggrieved*" to appeal a decision of the Board. (Italics ours.) Hanquet did not fit this characterization with respect to the "worker" issue.

The statutes also grant the Department a limited right of appeal:

> [W]henever the board has made any decision and order reversing an order of the supervisor of industrial insurance on questions of law or mandatory administrative actions of the director, the department shall have the right of appeal to the superior court.

RCW 51.52.110. Here however, the Department did not attempt to exercise its right to appeal the Board's determination on the worker issue to the Superior Court.[4]

■ Pursuant to RCW 51.52.110, if a "worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days [of the date the decision appealed has been communicated to such person], . . . the final decision and order of the board shall become final." We see no reason why this provision should not apply with equal force to appeals by aggrieved workers and to appeals by the Department under its limited right of appeal. We hold that by failing to timely exercise its right of appeal under RCW 51.52.110 of the Board's determination of the "worker" issue, the determination became final and the Superior Court was without jurisdiction to address that issue. *Cf. Perry v. Department of Labor & Indus.*, 48 Wn.2d 205, 292 P.2d 366 (1956) (where no appeal was taken from an order of the Department awarding compensation to a worker, both the Board and the superior court lacked jurisdiction to hear appeals from that order).

As discussed above, we recognize that the superior court's review on appeal from an order of the Board is de novo. RCW 51.52.115. We also recognize that, although the superior court

---

[4]As set forth in RCW 51.52.110, the Department's right to appeal is limited to appeals of orders "reversing an order of the supervisor of industrial insurance on questions of law". We do not reach the issue of whether the Board's order was such an order and whether it was therefore appealable.

is limited to considering only the record before the Board, the superior court has no limitation upon the intensity of its review. *Garrett Freightlines, Inc. v. Department of Labor & Indus.*, 45 Wn. App. 335, 341, 725 P.2d 463 (1986). However, as the court in *Garrett* acknowledged, a party seeking appellate review by the superior court *must* "give notice to protect its right of full review." *Garrett*, 45 Wn. App. at 341. Pursuant to RCW 51.52.110, notice is properly given by filing a notice of appeal with the appropriate parties within 30 days of communication of the order under review. The Department failed to timely file a notice of appeal of the Board's determination that Hanquet was a worker. Therefore, regardless of whether this determination involved a question of law and was suitable for de novo review by the superior court, the Department failed to preserve its right of review and the Superior Court lacked jurisdiction to address the determination.

## CONCLUSION

The Superior Court's order affirming the Board's denial of Hanquet's claim under RCW 51.12.020(3) is reversed. The Board's determination that Hanquet was a worker is affirmed. The matter is remanded to the Department for determination of the amount of benefits to which Hanquet is entitled.

PEKELIS, A.C.J., concurs.

BECKER, J.(dissenting) — I respectfully dissent. While I agree that the Board and Superior Court could not properly consider the "private home" issue, I disagree with the disposition reached by the majority because I believe the "worker" issue was properly before the superior court.

The Board's final order of September 10, 1991, affirmed the original Department order rejecting Hanquet's claim. Thus the Department prevailed at the Board level. Hanquet initiated the appeal by giving notice that he was appealing "from each and every part of the order entered . . . on September 10, 1991". The majority holds that at this point the Depart-

ment also needed to file a notice of appeal in order to vest the Superior Court with jurisdiction to review the "worker" issue. Majority, at 664.

A requirement for a notice of cross appeal is a commonplace in appellate rules. RAP 5.1(a) and 5.2(f), as well as RALJ 2.1(b) and 2.4(a), require any party seeking relief from a decision, not just the party initially seeking review, to make a timely filing of a notice of appeal. It is noteworthy that even under these formal rules, the appellate court will expand its scope of review to grant affirmative relief to a respondent notwithstanding the absence of a notice of appeal if the necessities of the case demand. RAP 2.4(a); *Seattle v. Marshall*, 54 Wn. App. 829, 831, 776 P.2d 174 (1989), *review denied*, 115 Wn.2d 1008 (1990).

More significantly, these rules do not apply here, even by analogy, because the jurisdiction of the superior court to entertain appeals from the decisions of the Board is vested only in the manner specified by the act. *Department of Labor & Indus. v. Cook*, 44 Wn.2d 671, 672, 269 P.2d 962 (1954).

RCW 51.52.110 sets forth procedures to be followed by a "person aggrieved by the decision and order of the board". Nothing in the statute requires the Department to file a notice of appeal when it is the prevailing party. The Department's right to initiate an appeal, found in the proviso at the end of RCW 51.52.110, arises only when the Board has made a decision and order *reversing* the Department's original order. Here the Board's Final Decision and Order upheld the Department's original order rejecting Hanquet's claim.

The majority points to *Perry v. Department of Labor & Indus.*, 48 Wn.2d 205, 292 P.2d 366 (1956) in support of its holding, but *Perry* was a case where *no one*, including the aggrieved claimant, appealed a final order of the Board within the time period required. Majority, at 665. The order itself was not before the court. Here, Hanquet's appeal brought the Board's Decision and Order before the court.

The trial court conducts a hearing de novo only on issues of law or fact that were properly before the Board. RCW 51.52.115. The Board's entire record is certified to the court.

RCW 51.52.110. The court has no limitation on the intensity of its review of the record, except that it cannot go *beyond* the Board's record and take additional evidence. *Garrett Freightlines, Inc. v. Department of Labor & Indus.*, 45 Wn. App. 335, 340-41, 725 P.2d 463 (1986). The court steps into the shoes of the Board and may decide every issue that the Board itself properly considered as shown by the record.

Every appeal to the Board is a challenge to the Department's original determination of the fundamental question of coverage — "whether a 'compensable injury' has occurred and the extent thereof." *Brakus v. Department of Labor & Indus.*, 48 Wn.2d 218, 221, 292 P.2d 865 (1956). The Superior Court could not decide this fundamental question without reviewing the entire record and resolving the "worker" issue.

Even assuming that the scope of the trial court's review must be limited to the issues identified by the appellant in the petition for superior court review, *see Garrett Freightlines* at 341, Hanquet's Notice of Appeal to Superior Court stated that he was appealing from "each and every part" of the Board's order. The majority concludes as a matter of "common sense" that Hanquet's Notice of Appeal did not mean what it said. Majority, at 664 n.3. In my view, we should not engage in judicial rewriting of a party's pleading when the result is not only to deprive a court of jurisdiction, but also to deprive the opposing party of its day in court as a sanction for having read the notice of appeal literally. Common sense suggests just as persuasively that the reason Hanquet's attorney had a standard notice of appeal form, used in all appeals from the Board and altered only by insertion of the appropriate claim number and date, is precisely because all appeals from the Board to superior court bring up for review the entire record and all issues pertaining to coverage. The court in *Garrett Freightlines*, confronted with an identical standard notice seeking review of "each and every part of" the Board's order, found no basis for limiting the trial court to reviewing only those issues the appellant chose to argue. *Garrett Freightlines*, at 340-41.

I would hold that once the Board's decision denying coverage came before the court on Hanquet's appeal, the Superior Court had jurisdiction over every issue pertaining to coverage that was properly before the Board, and was not obligated to limit its scope of review only to those issues pressed by Hanquet.

It is undisputed that the Department's original order denied coverage on the basis that Hanquet was a sole proprietor or partner, not a worker; that this determination was properly heard by the industrial appeals judge as the sole issue in the case; and that it was the sole issue set forth in the Department's Notice of Appeal to the Board. Hanquet had a full opportunity to present evidence and argument on the issue in all proceedings below. There is no basis for believing that Hanquet was in any way prejudiced by the Superior Court's consideration of this issue.

I would affirm the judgment of the Superior Court.

Review denied at 125 Wn.2d 1019 (1995).