FILED
COURT OF APPEALS
DIVISION II

2014 DEC 30 AM 9: 47

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KIMBERLEY JOHNS, | No. 44983-8-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, P.J. — Kimberley Johns appeals the superior court's order affirming the Department of Labor and Industries' closure of her industrial insurance claim with a permanent *total* disability, arguing that the Department should have closed her claim with a permanent *partial* disability. Johns argues that (1) the Board of Industrial Insurance Appeals and the superior court exceeded the scope of their review, (2) substantial evidence does not support the superior court's finding that Johns was unable to perform or obtain regular gainful employment, and (3) the superior court erred by concluding Johns has a permanent total disability without finding that the industrial injury was a proximate cause of her inability to perform or obtain regular gainful employment. We reject Johns's arguments and affirm.

## FACTS

### A. *Workplace Injury and Industrial Insurance Claim*

Kimberley Johns injured her back in the course of employment while stretching and reaching across a table. The injury caused a lumbar strain and L4-5 disc herniation with spondylolisthesis.

In 2003, Johns made an industrial insurance claim to the Department, requesting benefits for her back injury. In 2003, the Department accepted Johns's claim, determined she had a temporary total disability, and paid her industrial insurance benefits.

At some point, Johns began to receive social security disability benefits. Starting in 2006, the Department began to reduce her industrial insurance benefits as an offset to her social security benefits. *See* RCW 51.32.220(1), .225(1). Beginning in 2008, Johns requested that the Department close her claim and change her status from "temporary total disability" to "permanent partial disability" because the social security offset applied only to total disability benefits, as opposed to partial disability benefits.

In 2011, following a court order requiring the Department to make a determination addressing Johns's disability, the Department entered an order closing her claim with a determination of permanent *total* disability, rather than permanent *partial* disability. Johns appealed the Department's order to the Board, arguing that she "is not totally permanently disabled, does not want to be classified as totally permanently disabled and wants a permanent partial disability award." Clerk's Papers (CP) at 43. A hearing was conducted before an industrial appeals judge.

B.      *Proceedings Before the Industrial Appeals Judge*

At the industrial appeals hearing, Johns testified that the injury-related back pain slowed her down "a lot" in her daily life and prevented her from bending over, lifting anything, or sitting for long periods of time. CP at 111. Johns also testified that she did not anticipate returning to the work force. Johns's mother, Betty McCrory, testified that Johns was a steady worker before the injury and had not returned to work after the injury.

2

Guy Earle, M.D., testified by way of deposition that it would be highly unlikely for Johns to ever be able to maintain reasonably gainful full-time employment. Dr. Earle testified that Johns could not sit for more than 10 minutes without deteriorating neurologically, and that Johns's condition was likely to progressively deteriorate over time.

Johns's attending physician, Lynn Staker, M.D., also testified by way of deposition. Dr. Staker testified to the severity of Johns's back injury:

> So—so at that point she's had ongoing pain since that time. Her pain has never really stopped. It apparently improved some with the arthrodesis, and now we're to when I first started seeing her with significant worsening of her pain. The disc above the level that was treated before went out on her, and at this point—and this is most likely the issue that we're here for.

CP at 250. Dr. Staker testified that Johns was not employable.

The industrial appeals judge entered a proposed decision and order. The proposed order concluded Johns had a permanent total disability as a result of the industrial injury, but did not make any findings as to whether the injury was a proximate cause of Johns's inability to perform or obtain regular gainful employment.

C.      *Johns's Petition for Review of the Proposed Order*

Johns petitioned the Board for review of the proposed order. Her petition focused primarily on an issue unrelated to this appeal: whether a claimant can be required to accept an erroneous classification of her disabilities where that erroneous classification results in a larger award. The remainder of her petition argued (1) the Department's ruling was unfair because it resulted in Johns receiving no money from the Department, (2) evidence existed that Johns could work part-time, and (3) the proposed order failed to explain its reasoning for concluding Johns had a permanent total disability. The petition never mentioned proximate cause or causation.

After considering Johns's petition, the Board entered a final order approving the industrial appeals judge's proposed order. The Board's final order concluded that Johns had a permanent total disability as a result of the injury, but it did not make any findings as to whether the injury was a proximate cause of her inability to perform or obtain regular gainful employment.

D.    *Appeal to the Superior Court*

Johns appealed the Board's final order to the superior court. The superior court affirmed the Department's order in part and reversed it in part on an issue unrelated to this appeal. The superior court entered the following pertinent findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1.2    [Johns's] industrial injury . . . is the proximate cause of lumbar strain and L4-5 disc herniation with spondylolisthesis.

1.3    . . . Johns'[s] condition, proximately caused by the industrial injury . . . had reached maximum medical improvement.

1.6    Based upon the above findings, Kimberley Johns is a totally and permanently disabled worker.

Based upon the foregoing findings of fact, the court now makes the following

### II. CONCLUSIONS OF LAW

2.1    Kimberley Johns was a permanently totally disabled worker as a result of her . . . industrial injury within the meaning of RCW 51.08.160, as of July 1, 2011.

CP at 289-90. In its oral ruling, the superior court explained that it concluded Johns had a permanent total disability because "it just seems to me that if somebody is not employable, it does not make sense to put them on a partial disability." Verbatim Report of Proceedings (VRP) at 31. Johns appeals.

No. 44983-8-II

## ANALYSIS

The Washington Industrial Insurance Act[1] provides the exclusive remedy for workers injured in the course of employment. RCW 51.04.010; *Rushing v. ALCOA, Inc.*, 125 Wn. App. 837, 841, 105 P.3d 996 (2005). We liberally construe the Act, resolving all doubts in the worker's favor. RCW 51.12.010; *Dennis v. Dep't of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987).

The superior court reviews an appeal from a Board's decision de novo, based upon the same evidence as was before the Board. RCW 51.52.115. When the evidence is evenly balanced, the Board's findings and decision "shall be prima facie correct and the burden of proof shall be upon the party attacking the same." RCW 51.52.115; *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 43, 395 P.2d 633 (1964); *Layrite Prods. Co. v. Degenstein*, 74 Wn. App. 881, 887, 880 P.2d 535 (1994). The superior court may substitute its own findings and decision for the Board's if it finds, by a preponderance of the evidence, that the Board's findings and decision are incorrect. *McClelland v. ITT Rayonier, Inc.*, 65 Wn. App. 386, 390, 828 P.2d 1138 (1992).

Our review in a workers' compensation case is limited to examining the record to see whether substantial evidence supports the superior court's findings of fact and whether the superior court's conclusions of law flow from these findings. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). We view the record in the light most favorable to the party who prevailed in superior court. *Harrison Mem'l Hosp. v. Gagnon*, 110 Wn. App. 475, 485, 40 P.3d 1221 (2002).

---

[1] Title 51 RCW.

No. 44983-8-II

Substantial evidence is evidence sufficient to persuade a fair-minded person of the declared premise's truth. *Panorama Vill. Homeowners Ass'n v. Golden Rule Roofing, Inc.*, 102 Wn. App. 422, 425, 10 P.3d 417 (2000). "Credibility determinations are solely for the trier of fact and cannot be reviewed on appeal." *Watson v. Dep't of Labor & Indus.*, 133 Wn. App. 903, 909, 138 P.3d 177 (2006). Where the superior court does not make a finding necessary for appellate review, we may look to the superior court's oral decision and to the record to determine the theory the superior court used to decide the case. *Goodman v. Darden, Doman & Stafford Assocs.*, 100 Wn.2d 476, 481, 670 P.2d 648 (1983); *Pepper v. King County*, 61 Wn. App. 339, 350-51, 810 P.2d 527 (1991).

## I. THE PROPER SCOPE OF REVIEW

As a threshold issue, Johns argues that because she requested only a permanent partial disability, the scope of the Board's and the superior court's review was limited to whether Johns had either a permanent *partial* disability or no disability at all, and that the Board and superior court exceeded this scope of review by concluding Johns had a permanent *total* disability. We disagree.

"The department of labor and industries has the original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a 'compensable injury' has occurred and the extent thereof." *Brakus v. Dep't of Labor & Indus.*, 48 Wn.2d 218, 220-21, 292 P.2d 865 (1956). The Board may review only those issues the Department previously decided. *Hanquet v. Dep't of Labor & Indus.*, 75 Wn. App. 657, 661, 879 P.2d 326 (1994). The Board may not, on its own motion, change the issues on appeal or enlarge the scope of the proceedings. 75 Wn. App. at 662. And although the superior court's

6

review is de novo, its scope of review is similarly limited to questions properly before the Board or the Department. 75 Wn. App. at 663-64.

Here, Johns asked the Department to close her claim with a permanent partial disability, and, instead, the Department closed her claim with a permanent total disability. Johns appealed the Department's determination to the Board on grounds that she "is not totally permanently disabled, does not want to be classified as totally permanently disabled and wants a permanent partial disability award." CP at 43. Because the Department had jurisdiction to determine the extent of Johns's injury, whether Johns had a permanent total disability was an issue properly before the Department. And because Johns's appeal challenged the Department's determination that she had a permanent total disability, whether Johns had a permanent total disability was an issue properly before the Board. Thus, neither the Board nor the superior court exceeded its scope of review.

## II. CLASSIFICATION AS "PERMANENTLY TOTALLY DISABLED"

Johns argues that substantial evidence does not support the finding that Johns is unable to perform or obtain regular gainful employment, and that the superior court erred by concluding she is permanently disabled without finding that the industrial injury was a proximate cause of her inability to perform or obtain regular gainful employment. We disagree.

RCW 51.08.150 defines "permanent partial disability":

[L]oss of either one foot, one leg, one hand, one arm, one eye, one or more fingers, one or more toes, any dislocation where ligaments were severed where repair is not complete, or any other injury known in surgery to be permanent partial disability.

A conclusion of permanent partial disability requires finding only that the industrial injury proximately caused a loss of bodily function; whether it proximately caused a claimant's

inability to perform or obtain regular gainful employment is irrelevant. WAC 296-20-19000; *McIndoe v. Dep't of Labor & Indus.*, 144 Wn.2d 252, 261-62, 26 P.3d 903 (2001); *Jenkins v. Weyerhaeuser Co.*, 143 Wn. App. 246, 256-57, 177 P.3d 180 (2008).

RCW 51.08.160 defines "permanent total disability":

> [L]oss of both legs, or arms, or one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the worker from performing any work at any gainful occupation.

Unlike permanent partial disability, a conclusion of permanent total disability requires finding not only that the industrial injury proximately caused a loss of function, but also that it proximately caused an inability to perform or obtain regular gainful employment. 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 155.07, at 151-52 (3d ed. 1989) (WPI); *see also Leeper v. Dep't of Labor & Indus.*, 123 Wn.2d 803, 816-17, 872 P.2d 507 (1994) (approving WPI 155.07); *Nelson v. Dep't of Labor & Indus.*, 175 Wn. App. 718, 723-24, 308 P.3d 686 (2013); *In re Eslinger*, No. 06 11433, at 5 (Wash. Bd. of Indus. Ins. Appeals Aug. 6, 2007).

We hold that substantial evidence supports the superior court's finding that Johns was unable to perform or obtain regular gainful employment. We also hold that Johns waived the issue of whether the industrial injury was a proximate cause of that inability.

No. 44983-8-II

A.     *Johns was Unable To Perform or Obtain Regular Gainful Employment*

Johns argues that sufficient evidence does not support the finding that she was unable to perform or obtain regular gainful employment because no evidence addressed her ability to engage in part-time work. We disagree.

The superior court found that "Johns is a totally and permanently disabled worker." CP at 289. In its oral ruling, the superior court stated "all of the evidence in this case is [Johns is] not employable and won't be in the future" and "if somebody is not employable, it does not make sense to put them on a partial disability." VRP at 15, 31. Using the record to interpret the findings, we hold that substantial evidence supports the superior court's finding that Johns was unable to perform or obtain regular gainful employment on even a part-time basis.

Viewing the evidence in the light most favorable to the Department, substantial evidence supports this finding. Dr. Earle testified that Johns could not sit in his office for more than 10 minutes without deteriorating neurologically, and that her condition was likely to progressively deteriorate over future years. Dr. Staker testified that Johns was "not employable." CP at 252. Johns testified that the back pain caused by the industrial injury slowed her down a lot in her daily life, prevented her from bending over, lifting anything, or sitting for long periods of time. Johns's mother testified that Johns had not returned to work after the industrial injury. The record contains substantial evidence to support the superior court's finding that Johns is unable to perform or obtain regular gainful employment on even a part-time basis.[2]

_____

[2] Johns also objects to the characterization of her back impairment as a category 4 impairment under WAC 296-20-280. WAC 296-20-280's categories have "no applicability to determinations of permanent total disability." WAC 296-20-200. Because we affirm the determination that Johns is permanently totally disabled, this issue is moot.

B.      *Johns's Proximate Cause Argument Waived*

Johns argues the superior court erred in concluding that Johns had a permanent total disability because the superior court made no finding that Johns's industrial injury was a proximate cause of her inability to perform or obtain regular gainful employment. We hold that Johns waived this issue at the Board.[3]

When a party appeals a Department order to the Board, an industrial appeals judge conducts hearings, receives depositions, and enters a proposed order that "shall contain findings and conclusions as to each contested issue of fact and law." RCW 51.52.104. The proposed order becomes the Board's final order unless a party petitions the Board to review the proposed order. RCW 51.52.104. The petitioning party *"shall be deemed to have waived all objections or irregularities not specifically set forth"* in its petition for review. RCW 51.52.104 (emphasis added). When the Board's final order is appealed to the superior court, the superior court may review only matters not waived at the Board. *Rose v. Dep't of Labor & Indus.*, 57 Wn. App. 751, 756, 790 P.2d 201 (1990).

Here, the industrial appeals judge entered a proposed order concluding Johns was permanently totally disabled as a result of the industrial injury, but not addressing whether the injury was a proximate cause of her inability to perform or obtain regular gainful employment. Johns petitioned for review of that proposed order, but Johns's petition for review does not mention proximate cause or causation. Thus, because Johns's petition for review of the

---

[3] We entered an order requesting supplemental briefing on the issue of waiver. *See* Order Requesting Supplemental Briefing, *Johns v. Dep't of Labor and Indus.*, No. 44983-8-II, (Wash. Ct. App. Sep. 30 2014). Only the Department filed a supplemental brief. Johns failed to respond in any manner.

No. 44983-8-II

industrial appeals judge's proposed order did not specifically set forth an objection alleging a lack of proximate cause, we hold that Johns waived that objection.

ATTORNEY FEES

Johns requests attorney fees on appeal under RCW 51.52.130(1). RCW 51.52.130(1) grants attorney fees to an appealing worker or beneficiary only if

> on appeal to the superior or appellate court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary.

Because we did not grant Johns additional relief on appeal, we do not award Johns attorney fees on appeal.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.

11