IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| KATHRYN A. LANDON, | No.  46955-3-II |
| Appellant, | |
| v. | |
| THE HOME DEPOT, | UNPUBLISHED OPINION |
| Respondent, | |
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | |
| Defendant. | |

JOHANSON, C.J. — Kathryn Landon appeals the trial court's order denying her motion to vacate a jury verdict.  Landon argues that the Board of Industrial Insurance Appeals (Board) and the trial court lacked subject matter jurisdiction.  We hold that the Board and the trial court had subject matter jurisdiction under the Industrial Insurance Act (IIA)[1] to determine whether Landon had an occupational disease or infection.  We affirm.

---

[1] Title 51 RCW.

FACTS

In March 2012, Landon applied to the Department of Labor and Industries (L&I) for benefits, claiming that she had contracted Lyme disease while working at Home Depot. L&I denied her claim as time barred. Landon appealed to the Board. Landon and Home Depot agreed that her appeal presented two issues:

1. Whether the claim was timely filed within two years of the date the claimant's physician or nurse practitioner notified the claimant and [L&I] of the occupational disease pursuant to RCW 51.28.055?
2. Whether the claimant suffered an occupational disease which arose naturally and proximately out of the distinctive conditions of her work, within the meaning of RCW 51.08.140?

Clerk's Papers at 35, 63. An industrial appeals judge (IAJ) heard testimony from Landon, Landon's co-worker, Landon's care providers, and Home Depot's doctor about Landon's condition. The IAJ concluded that the claim was timely filed but that Landon's condition was not an occupational disease within the meaning of RCW 51.08.140.

Landon petitioned the Board for review of the IAJ's decision. She again framed the issue as to whether she has an occupational disease or infection. The Board denied Landon's petition for review and adopted the IAJ's decision and order. Landon appealed the Board's decision to the trial court, which, after a jury trial, entered judgment affirming the Board's decision in Home Depot's favor. In a special verdict, the jury found that the Board correctly concluded that Landon's condition was not an occupational disease arising from her employment at Home Depot.

Landon moved to vacate the trial court's judgment. She argued that the Board and the trial court lacked jurisdiction to decide whether she had an occupational disease or infection because

L&I never considered that question. The trial court denied Landon's motion to vacate the judgment and Landon appeals.

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

Landon contends that the Board and the trial court lacked subject matter jurisdiction to decide whether she had an occupational disease or infection because L&I had not considered the issue first. We disagree because under the IIA whether Landon had an occupational disease or infection is the type of controversy that the Board and the trial court are authorized to consider.

### A. STANDARD OF REVIEW AND RULES OF LAW

We review a trial court's decision on a motion to vacate under CR 59 for an abuse of discretion. *Isla Verde Int'l Holdings, Inc. v. City of Camas*, 99 Wn. App. 127, 142, 990 P.2d 429 (1999), *aff'd*, 146 Wn.2d 740, 49 P.3d 867 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 668-69, 230 P.3d 583 (2010). A decision is made for untenable reasons or based on untenable grounds if the trial court applies an incorrect legal standard or relies on unsupported facts. *Salas*, 168 Wn.2d at 669.

Whether the Board or the trial court has subject matter jurisdiction is a question of law we review de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). A court's "subject matter jurisdiction" is frequently confused with its "authority" in a particular case. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). "A tribunal

lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate." *Marley*, 125 Wn.2d at 539. The "type of controversy" refers to the "nature of a case or the relief sought" and, where the controversy is within L&I's subject matter jurisdiction, "'then all other defects or errors [in the Board's decision] go to something other than subject matter jurisdiction.'" *Magee v. Rite Aid*, 167 Wn. App. 60, 72-73, 277 P.3d 1 (2012) (internal quotation marks omitted) (quoting *Marley*, 125 Wn.2d at 539). The Board and the trial court do not lack subject matter jurisdiction simply because they may lack authority to enter a particular order. *Marley*, 125 Wn.2d at 539.

L&I has "broad subject matter jurisdiction" over claims for workers' compensation benefits under the IIA, which include occupational disease or infection claims. *Marley*, 125 Wn.2d at 539-40; RCW 51.08.140. Similarly, the Board has "broad subject matter jurisdiction" to review L&I's actions. *Matthews v. Dep't of Labor & Indus.*, 171 Wn. App. 477, 490, 288 P.3d 630 (2012), *review denied*, 176 Wn.2d 1026 (2013); *see also* RCW 51.52.050(2)(a). The trial court's review is de novo and is limited to the issues that the "administrative tribunals previously determined," based on only the record before the Board. *Matthews*, 171 Wn. App. at 491; RCW 51.52.115.

## B. THE BOARD AND THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION

Here, any error in the Board's decision goes to something other than subject matter jurisdiction because L&I has broad subject matter jurisdiction over the occupational disease or infection issue and the Board has broad jurisdiction to review L&I's actions. *Marley*, 125 Wn.2d at 539; *Magee*, 167 Wn. App. at 72-73; RCW 51.52.050(2)(a). Whether Landon had an occupational disease or infection as defined in the IIA is the "type of controversy" that the Board and the trial court have jurisdiction to consider. *See, e.g.*, *Magee*, 167 Wn. App. at 76 ("Here, as

4

in *Marley*, we hold that the question of whether Magee was entitled to workers' compensation benefits for an occupational disease is the type of controversy the Board is authorized to decide under the IIA.").

Landon contends that L&I's order denying her claim as time barred and her notice of appeal define the Board's jurisdiction. Landon unpersuasively relies on two cases to support her argument that the Board and the trial court lacked subject matter jurisdiction: *Hanquet v. Department of Labor & Industries*, 75 Wn. App. 657, 879 P.2d 326 (1994), and *Lenk v. Department of Labor & Industries*, 3 Wn. App. 977, 478 P.2d 761 (1970). Her reliance on these cases is misplaced because they address the Board's scope of review and do not hold that L&I's order and the notice of appeal define the Board's subject matter jurisdiction.

In *Hanquet*, the workers' compensation claimant never asked the court to decide whether the Board and the trial court lacked subject matter jurisdiction. Instead, the issue was whether the Board and the trial court exceeded their *scope of review* when they considered an exclusion from IIA coverage that the IAJ and L&I never addressed. 75 Wn. App. at 660-64. Therefore, *Hanquet* does not support Landon's position that the issue here is jurisdictional and instead supports Home Depot's argument that the issue is the Board's scope of review. 75 Wn. App. at 660-64

*Lenk* is also unpersuasive. Contrary to Landon's contention, Division One of this court did not hold that when the Board considers an issue that L&I may not have first decided, the Board lacks subject matter jurisdiction. *Lenk*, 3 Wn. App. at 982. Instead, the court stated that "the notice [of appeal] cannot enlarge the scope of inquiry before the board beyond the matters

considered and passed upon by the department." *Lenk*, 3 Wn. App. at 985. The court was careful to use the words "scope of inquiry" and did not conclude that the issue was jurisdictional.

Home Depot persuasively relies on *Matthews*. We concluded there that the Board and the trial court had subject matter jurisdiction based solely on the language of the statute. *Matthews*, 171 Wn. App. at 490-91. The Board had jurisdiction to consider the issues raised in the notice of appeal because those issues were the "*type of controversy*" that fit within the Board's broad, statutory authority. *Magee*, 167 Wn. App. at 76; *Marley*, 125 Wn.2d at 539 (emphasis added).

We hold that the Board and the trial court had subject matter jurisdiction because whether Landon had an occupational disease or infection is the type of controversy that they are authorized to decide. The trial court, therefore, did not abuse its discretion when it denied Landon's motion to vacate.

## II. ATTORNEY FEES

Under RCW 51.52.130(1), Landon requests reasonable attorney fees incurred in the trial court, before the Board, and here. In an appeal of the Board's decision either to the trial court or here, if "said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary . . . a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court." RCW 51.52.130(1). Landon is not entitled to attorney fees because the Board's decision was not reversed or modified either here or in the trial court.

No. 46955-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

MELNICK, J.