# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MIKE HAMILTON; HAMILTON CORNER I, LLC, | No. 50567-3-II |
| Appellants, | |
| vs. | PUBLISHED OPINION |
| POLLUTION CONTROL HEARINGS BOARD; WASHINGTON STATE DEPARTMENT OF ECOLOGY; CITY OF NAPAVINE, | |
| Respondents. | |

MAXA, C.J. – This appeal arises out of the Department of Ecology's (Ecology) approval in 2012 of the City of Napavine's (the City) application to change the purpose and place of use of groundwater rights it had purchased from Betty Hamilton. Mike Hamilton, Betty's[1] nephew, claims that he also has an ownership interest in the groundwater rights and that Ecology made errors in processing the application without accounting for his interest.

Hamilton learned of Ecology's approval of the City's application for the change of groundwater rights in 2015. He contacted Ecology and claimed that the application had mistakenly identified Betty as the sole owner of the groundwater rights and that those rights had been transferred erroneously to the City. Ecology sent Hamilton a letter dated February 5, 2016 noting that Hamilton had not protested the application despite public notice and had not appealed

---

[1] For purposes of clarity, we refer to Mike Hamilton as Hamilton and to Betty Hamilton as Betty. We intend no disrespect.

Ecology's approval of the application. Therefore, Ecology stated that its decision to approve the application was final and would not be changed.

Hamilton filed a petition for review of Ecology's February 2016 letter with the Pollution Control Hearings Board (the PCHB). The PCHB granted summary judgment in favor of Ecology, ruling that it lacked jurisdiction to hear Hamilton's petition because the letter was not an appealable agency decision. Hamilton then filed a petition for judicial review of the PCHB's summary judgment order with the superior court under RCW 34.05.570(3). He also asserted a claim under RCW 34.05.570(4)(b), asserting that Ecology failed to perform a legally required duty by not returning the City's allegedly defective application for correction. The superior court affirmed the PCHB's order and denied Hamilton's RCW 34.05.570(4)(b) claim.

We hold that (1) the PCHB did not err in ruling that it lacked jurisdiction to hear Hamilton's appeal because the February 2016 letter was not a reviewable agency decision under RCW 43.21B.110(1)(d), and (2) the superior court did not err in rejecting Hamilton's RCW 34.05.570(4)(b) claim that RCW 90.03.270 required Ecology to return the City's allegedly defective application because RCW 90.03.270 does not apply after an application is approved.

Accordingly, we affirm the PCHB's summary judgment dismissal of Hamilton's petition for review of the February 2016 letter and affirm the superior court's dismissal of Hamilton's RCW 34.05.570(4)(b) claim regarding Ecology's decision not to return the City's allegedly defective application for correction.

FACTS

In 1954, Ecology issued Certificate of Ground Water Right No. 1726 (GWC 1726) to Frank and Edith Hamilton. GWC 1726 authorized the use of groundwater from three wells on specified property for the purpose of irrigation, stock, and domestic supply. The quantity of

groundwater used was limited to an amount actually beneficially used, not to exceed an annual quantity of 114 acre-feet of groundwater per year for the irrigation of 57 acres.[2]

GWC 1726 provided a legal description of the property to which the groundwater right was appurtenant and the place where the water was put to beneficial use. However, the construction of Interstate 5 bisected Frank and Edith Hamilton's property. Hamilton claims that he and other heirs, operating as Hamilton Corner I LLC, ultimately inherited the property on the east side of I-5. Hamilton claims that Betty ultimately inherited the property on the west side of I-5.

In 2003, the City agreed to purchase GWC 1726 from Betty. Hamilton was not involved with that transaction.

*Application for Change of Water Rights*

In November 2004, the City filed applications for change/transfer of GWC 1726 with Ecology. The application sought to change the purpose of use to municipal and the place of use to the City's urban growth area. The application also sought to change the point of withdrawal from wells on Betty's property to wells on the City's property. Betty signed the application as the water right holder and the owner of the existing place of use.

The City's application included detailed records of the historical use of GWC 1726 on and around Betty's property. These records did not show any ownership interest in or any use of GWC 1726 by Hamilton or Hamilton Corner I LLC.

---

[2] In 1954, Ecology also issued a Certificate of Surface Water Right No. 5605 (SWC 5605) to Frank Hamilton. The City agreed to purchase SWC 5605 from Betty at the same time that it agreed to purchase GWC 1726. Hamilton challenged Ecology's approval of a transfer of SWC 5605. No notice was published regarding SWC 5605. On that basis, Ecology conceded error below and stated that it would voluntarily rescind the change application for SWC 5605. Therefore, we do not address SWC 5605.

The City published notice of the change application for GWC 1726 in The Chronicle, a Lewis County newspaper, on December 14 and 21, 2007. The notice omitted the township and range of the legal description of the property to which GWC 1726 was proposed to be transferred. The notice also erroneously stated that 27 irrigated acres were the subject of the application rather than 57 acres.

Ecology received five letters from area citizens regarding the application. Hamilton did not submit any comments on the application.

Ecology determined that the City needed to conduct well testing to determine whether changing the location of use for GWC 1726 would impair other water rights in the area. As a result, in April 2008 Ecology issued a preliminary permit authorizing the City to drill a well and perform well testing with regard to GWC 1726. The preliminary permit allowed the City to withdraw water until 2011. In April 2010, the City's engineering consultant notified Ecology that well testing was complete and transmitted the well testing results. In May 2011, Ecology sent the City a letter stating that the preliminary permit had expired and had been cancelled.

In March 2012, Ecology prepared a draft decision approving the City's application, in the form of a Report of Examination (ROE). Ecology posted the draft ROE on its website for 30 days.

In April 2012, Ecology issued a final ROE approving the change of GWC 1726. The ROE authorized the City to use a maximum annual quantity of 105 acre-feet of groundwater per year for municipal water supply purposes. The ROE stated that the City had 30 days to appeal the order. No appeal of the application approval was filed.

*Ecology's February 2016 Letter*

In November 2015, a paralegal from the Cushman Law Offices sent an email to Ecology on behalf of Hamilton. The email alleged that the application for a change of GWC 1726 mistakenly identified Betty as the sole owner of the water rights and that the resulting change had affected water rights that actually were held in common by Hamilton and Betty. But Hamilton did not file a petition for review of Ecology's approval of the City's application.

On February 5, 2016, Ecology sent a letter to the Cushman Law Offices explaining the process that Ecology had followed in investigating and approving the City's application. The letter noted that public notice of the application had been provided as required in RCW 90.03.280, that the draft ROE had been posted on its website, and that a formal appeal could have been filed within 30 days after the final ROE was issued under chapter 43.21B RCW. The letter concluded:

> When Ecology receives an application, we consider the information submitted by the applicant as being submitted in good faith. The consultant represented that Betty Hamilton and Napavine reached an agreement to purchase water rights. They also submitted information showing the water rights were in good standing. No conflicting information was presented to Ecology's attention as a result of the public notice or the posting of the draft ROEs. No appeals were filed so Ecology's decision is final and can no longer be appealed.
>
> 90.03.280 and RCW 43.21B provided your client opportunity to bring his concerns to our attention. Since he did not, Ecology's decision stands. At this point, your client's dispute is a civil matter between your client and Betty Hamilton.

AR at 6.

*PCHB Petition for Review*

Hamilton filed a petition for review of the February 2016 letter with the PCHB on March 4, 2016.

Before the PCHB, Ecology filed a summary judgment motion on the issue of jurisdiction. Ecology argued that the PCHB lacked jurisdiction over Hamilton's appeal because, among other reasons, Hamilton sought review of a letter that was not an appealable agency decision. Hamilton filed a response, which included a cross-motion for summary judgment. He argued that the City's application was defective because it contained numerous errors and that he had not received adequate notice as an alleged co-owner of the water rights at issue.

On July 21, 2016, the PCHB granted Ecology's motion for summary judgment and denied Hamilton's cross-motion for summary judgment. The PCHB ruled that it did not have jurisdiction to hear the petition for review because the February 2016 letter was not an appealable decision. The PCHB stated that the appealable decision regarding GWC 1726 occurred in April 2012. Therefore, even if Hamilton's appeal could be considered as relating to that appealable decision, it was not timely filed because no appeal was filed within 30 days of that decision.

*Judicial Review in Superior Court*

Hamilton filed a petition for review with the superior court on August 18, 2016. He challenged several actions of the PCHB and Ecology, and sought reversal of the PCHB's order granting summary judgment. Hamilton also requested judicial review under RCW 34.05.570(4)(b), which allows a claim for the failure of an agency to perform a legally required duty. Hamilton asserted that Ecology failed to return the City's allegedly defective application for correction as required by RCW 90.03.270.

The superior court ruled that the PCHB had no jurisdiction over Hamilton's petition for review because Ecology's February 2016 letter was not a reviewable decision. Therefore, the court affirmed the PCHB's dismissal of the petition. The court also ruled that Hamilton's RCW

6

34.05.570(4)(b) claim was without merit. The court stated, "To the extent that Hamilton alleges an ownership interest in water rights at issue here, his remedy is to file a quiet title action." Clerk's Papers at 203.

Hamilton appeals the superior court's rulings affirming the PCHB's dismissal of his petition for review and dismissing Hamilton's RCW 34.05.570(4)(b) claim.

ANALYSIS

A.      LEGAL BACKGROUND – CHANGE/TRANSFER OF WATER RIGHTS

Chapter 90.03 RCW regulates the appropriation and beneficial use of surface water. RCW 90.03.250 through RCW 90.03.340 address applications for permits for the appropriation of surface water. Chapter 90.44 RCW regulates groundwater, and that chapter was enacted to extend the surface water statutes to the appropriation and beneficial use of groundwater. RCW 90.44.020. Applications for permits for the appropriation of groundwater are made in the same form and manner provided in RCW 90.03.250 through RCW 90.03.340. RCW 90.44.060.

A party seeking to appropriate water for beneficial use must apply to Ecology for a permit before the party can divert surface water or construct a groundwater well. RCW 90.03.250; RCW 90.44.050. The applicant must include the source of the water supply, the nature and amount of the proposed use, and other details. RCW 90.03.260(1). Applications to withdraw water by means of a well must provide additional information. RCW 90.44.060. Applicants must publish notice of the Ecology application in a newspaper of general circulation in the county in which the water is put to beneficial use once a week for two consecutive weeks. RCW 90.03.280.

Ecology must investigate the water rights at issue in an application to determine the extent and validity of the water right, including whether the water right has been perfected and

7

how much of it has been put to beneficial use. RCW 90.03.290(1); *see R.D. Merrill Co. v. Pollution Control Hr'gs Bd.*, 137 Wn.2d 118, 126-27, 969 P.2d 458 (1999). Ecology may issue a preliminary permit to allow an applicant to make necessary investigations. RCW 90.03.290(2)(a).

If Ecology determines that an application for the appropriation of water has been perfected according to the statutory requirements, Ecology has a duty to issue a water right certificate to the applicant. RCW 90.03.330(1). The certificate must be recorded with the county auditor. RCW 90.03.330(1).

The right to use water that has been put to beneficial use "shall be and remain appurtenant to the land or place" where the water is used. RCW 90.03.380(1). However, water rights "may be transferred to another or to others and become appurtenant to any other land or place of use . . . if such change can be made without detriment or injury to existing rights." RCW 90.03.380(1). The point of diversion and purpose of the use also may be changed with the same qualification. RCW 90.03.380(1).

Before a transfer of or change to water rights can be made, any person having an interest in the transfer or change must file a written application with Ecology. RCW 90.03.380(1).[3] As with an application to appropriate water, the applicant must publish notice of the application as required in RCW 90.03.280. RCW 90.03.380(1). Similarly, an application to "change the manner or place of use of the [ground]water shall be issued only after publication of notice of the application." RCW 90.44.100(2).

---

[3] There does not appear to be a provision similar to RCW 90.03.380(1) in chapter 90.44 RCW providing for the transfer of groundwater rights, and chapter 90.44 RCW does not expressly incorporate RCW 90.03.380(1) as it does with other provisions of chapter 90.03 RCW. However, Hamilton does not challenge Ecology's ability to approve the transfer of groundwater rights.

If it appears that a transfer or change of water rights can be made without detriment to existing rights, Ecology shall issue to the applicant a certificate granting the transfer or change. RCW 90.03.380(1). The certificate may be filed with the county auditor. RCW 90.03.380(1).

B.      PCHB'S JURISDICTION UNDER RCW 43.21B.110(1)(d).

Hamilton argues that the PCHB erred by ruling that it lacked jurisdiction under RCW 43.21B.110(1)(d) over his petition for review of the February 2016 letter. We disagree.

1.      Administrative Procedures Act

The Administrative Procedures Act (APA) governs our review of agency decisions, which includes decisions by the PCHB. RCW 34.05.510; *Ctr. for Envtl. Law v. Dep't of Ecology*, 196 Wn. App. 360, 372-73, 383 P.3d 608 (2016), *review denied* 187 Wn.2d 1021 (2017). We sit in the same position as the superior court and review the record before the PCHB directly. *Ctr. for Envtl. Law*, 196 Wn. App. at 373.

Under the APA, we may grant relief from the PCHB's order based on one of nine reasons listed in RCW 34.05.570(3), including that the order is (1) unconstitutional, (2) based on an unlawful procedure or decision-making process, (3) based on an erroneous interpretation or application of the law, or (4) arbitrary and capricious. RCW 34.05.570(3)(a), (c), (d), (i). The party challenging the PCHB's decision has the burden of demonstrating the invalidity of that decision. RCW 34.05.570(1)(a).

We review the PCHB's decision to grant a summary judgment motion de novo. *Ctr. for Envtl. Law*, 196 Wn. App. at 373. We view all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

9

2.    PCHB Jurisdiction

Under RCW 43.21B.110(1), the PCHB only has jurisdiction to hear and decide petitions for review regarding certain enumerated "decisions" of Ecology and other environmental agencies. One category of decisions for which the PCHB has jurisdiction is "the issuance, modification, or termination of any permit, certificate, or license" by Ecology or any air authority. RCW 43.21B.110(1)(d). Hamilton relies only on this category.

WAC 508-12-400 also addresses the PCHB's jurisdiction: "All final written decisions of the department of ecology pertaining to permits, regulatory orders, and related decisions made pursuant to this chapter shall be subject to review by the [PCHB] in accordance with chapter 43.21B RCW."

We review the extent of an agency's jurisdiction de novo as a matter of law. *Landon v. Home Depot*, 191 Wn. App. 635, 640, 365 P.3d 752 (2015).

3.    Reviewable Decision

The question here is whether Ecology's February 2016 letter was a "decision" reviewable by the PCHB under RCW 43.21B.110(1)(d). The PCHB ruled that it did not have jurisdiction to hear Hamilton's petition for review because the February 2016 letter that Hamilton appealed was not an agency decision.

Three factors support the conclusion that Ecology's February 2016 letter was not a reviewable decision. First, under RCW 43.21B.110(1)(d) a reviewable decision is "the issuance, modification, or termination of any permit, certificate, or license." But the February 2016 letter only provided information. The letter merely responded to Hamilton's inquiry about the case, explained the process that had been followed, and noted that Hamilton had not appealed the final decision it had made in 2012 to approve the City's application. And the letter informed

Hamilton that Ecology's 2012 decision was final and no longer could be appealed, and that "Ecology's decision stands." AR at 6. The letter did not issue, modify, or terminate GWC 1726 or any other permit, certificate, or license.

Second, RCW 43.21B.310(4) states that an "appealable decision or order shall be identified as such and shall contain a conspicuous notice" that it may be appealed within 30 days of receipt. The February 2016 letter was not identified as a decision and contained no such appeal language. By contrast, the 2012 ROE contained explicit language identifying Ecology's approval of the City's application as a final decision of the agency and notifying the City of its right to appeal. Failure to include the RCW 43.21B.310(4) language is not necessarily dispositive of whether a communication is reviewable under RCW 43.21B.110(1). *Klineburger v. King County Dep't of Dev. & Envtl. Law Servs. Bldg.*, 189 Wn. App. 153, 170, 356 P.3d 223 (2015). But nothing in the February 2016 letter suggested that it was a decision that would be subject to PCHB review.

Third, the PCHB previously ruled that a letter to a party providing only information and clarification was not a reviewable order and that the PCHB did not have jurisdiction to review it. *Steensma v. Dep't of Ecology*, No. 11-053, at 5-8 (Wash. Pollution Control Hr'gs Bd. Sept. 8, 2011) (order granting summary judgment), http://www.eluho.wa.gov/Global/RenderPDF?source=casedocument&id=166 [https://perma.cc/UK4K-QQ7X]. The PCHB ruled that the letter was not a decision because it did not purport to make any actual determinations on the extent, validity, or status of water rights and only provided Ecology's opinion. *Id.* at 6-7. The PCHB also noted that the letter did not contain language indicating that it was an appealable decision as required in RCW 43.21B.310(4). *Id.* at 7.

Hamilton relies on WAC 508-12-400, which states that "[a]ll final written decisions" of Ecology "pertaining to permits" and "related decisions made pursuant to this chapter" are subject to PCHB review. He claims that the February 2016 letter relates to Ecology's decision not to require the City to correct its defective application. But WAC 508-12-400 by its express language states that certain decisions are subject to review "in accordance with chapter 43.21B RCW." As noted above, under RCW 43.21B.110(1)(d) a reviewable decision is "the issuance, modification, or termination of any permit, certificate, or license." The fact that a letter pertains to a permit does not transform that letter into a decision that can be reviewed under RCW 43.21B.110(1)(d).

Hamilton also argues that the PCHB erred by not hearing his petition for review as an as-applied constitutional challenge. Hamilton cites a decision in which the PCHB acknowledged jurisdiction for an as-applied constitutional challenge to whether the State agency committed any procedural errors or complied with applicable laws. *Rasmussen v. Puget Sound Clean Air Agency*, No. 12-091, at 9-10 (Wash. Pollution Control Hr'gs Bd. Jan. 14, 2013) (order on motions) http://www.eluho.wa.gov/Global/RenderPDF?source=casedocument&id=22 [https://perma.cc/5X5W-FMMR]. However, in that case the PCHB's jurisdiction over the petition was not contested. Here, as discussed above the PCHB has no jurisdiction over Hamilton's petition for review. As a result, the PCHB lacks jurisdiction over all aspects of the petition, including a constitutional claim.

We hold that the February 2016 letter was not a reviewable decision under RCW 43.21B.110(1)(d) and therefore that the PCHB did not err in concluding that it lacked jurisdiction to hear Hamilton's petition for review.

C.      JUDICIAL REVIEW UNDER RCW 34.05.570(4)

Hamilton argues that the superior court erred in rejecting his claim for judicial review under RCW 34.05.570(4)(b) that Ecology failed to perform a legally required duty by not returning the City's application for correction as required under RCW 90.03.270. We disagree.[4]

1.    Legal Background

RCW 34.05.570(4)(a) allows judicial review of an "agency action" not reviewable as an agency rule under subsection (2) or as an agency order in adjudicative proceedings under subsection (3). In addition, RCW 34.05.570(4)(b) specifically states, "A person whose rights are violated by an agency's *failure to perform a duty that is required by law to be performed* may file a petition for review pursuant to RCW 34.05.514, seeking an order pursuant to this subsection requiring performance." (Emphasis added.) RCW 34.05.514(1) provides that proceedings for review under the APA shall be instituted by filing a petition in superior court.

Relief for a person seeking judicial review under RCW 34.05.570(4)(a) and (b) will be granted only if the court determines that the action is unconstitutional, outside the agency's authority, arbitrary or capricious, or exercised by an unauthorized person. RCW 34.05.570(4)(c). "The court shall grant relief only if it determines that a person seeking judicial relief has been substantially prejudiced by the action complained of." RCW 34.05.570(1)(d).

---

[4] Ecology also argues that (1) the February 2016 letter is not subject to judicial review under RCW 34.05.570(4) because the letter was not an "agency action" for the same reason that the letter was not a "decision" under RCW 43.21B.110(1); and (2) Hamilton's petition for judicial review under RCW 34.05.570(4)(b) was untimely because his petition was filed more than 30 days after he received the February 2016 letter despite the statutory requirement that he exhaust his administrative remedies. Because we affirm on other grounds, we do not address these issues.

The petitioner bears the burden of showing entitlement to relief under RCW 34.05.570(4)(b). *Rios v. Dept. of Labor & Indus.*, 145 Wn.2d 483, 492, 39 P.3d 961 (2002); *see* RCW 34.05.570(1)(a).

### 2. Ecology's Failure to Return the City's Application

Hamilton argues that Ecology failed to perform a legally required duty by not returning the City's allegedly defective application for correction as required under RCW 90.03.270 once it learned that that the application was defective. He claims that the application was defective because (1) it did not include his signature as a person with an ownership interest in the water right and the real property involved, (2) Ecology processed the application after the preliminary permit was cancelled, (3) there were mistakes in the public notice of the application, (4) and Ecology did not provide him with actual notice of the agency actions affecting his interest in the water rights. We disagree that Ecology had an obligation under RCW 90.03.270 to return the City's application for correction.

Hamilton relies on RCW 90.03.270 to support his claim that Ecology failed to perform a legally required duty by not returning the City's application for correction. RCW 90.03.270 states, "If upon examination, the application is found to be defective, it shall be returned to the applicant for correction or completion." Hamilton argues that there is no time limit on when Ecology has this duty; that Ecology must return an application any time it discovers a defect in the application, even after the application has been approved.

Specific to the signatures required on the application, Hamilton also relies on Ecology's internal guidelines. GUID-2040 discusses the signatures needed for a valid application and states, "If improper signatures are discovered later, then the application will be returned." AR at

90. Again, Hamilton argues that this guideline provides no time limit on when the application will be returned for improper signatures.

No appellate cases have discussed RCW 90.03.270, and whether Ecology can be required to return an application after it already has been approved is a question of first impression. We hold that the requirement to return a defective application for correction under RCW 90.03.270 applies only while the application is pending. Once Ecology approves the application, RCW 90.03.270 is inapplicable.

First, RCW 90.03.270 is located in a series of statutes dealing with the application process. Based on this placement, it is reasonable to conclude that RCW 90.03.270 applies only if Ecology discovers a defect in the application *during the application process*. Once approval has occurred, the application process is over.

Second, once an application is approved there no longer is a pending application that can be corrected. At that point, correction of the application would have no effect because the transfer already has taken place.

Third, the entire water rights system would be disrupted if Ecology was required to return an application for correction and reprocessing years or even decades after a transfer or change application is approved. A transferee could never fully rely on an approved transfer if the application was subject to attack indefinitely.

Finally, Hamilton presents no compelling argument or explanation why Ecology's obligation under RCW 90.03.270 should extend beyond approval of the application.

Hamilton's RCW 34.05.570(4)(b) claim is based solely on his claim that RCW 90.03.270 established a legal requirement for Ecology to return the City's application for correction in

February 2016. Because RCW 90.03.270 did not apply after Ecology approved the City's application in April 2012, we hold that Hamilton's RCW 34.05.570(4)(b) claim has no merit.

D.    ATTORNEY FEES

Hamilton requests an award of attorney fees and costs both for his initial petitions to the PCHB and the superior court and his appeal to this court under RCW 4.84.350, RCW 64.40.020, and 42 U.S.C. § 1983. But Hamilton is not entitled to recover attorney fees and costs because he is not the prevailing party on appeal.

CONCLUSION

We affirm the PCHB's decision that it lacked jurisdiction to hear the appeal and affirm the superior court's order dismissing Hamilton's RCW 34.05.570(4)(b) claim regarding Ecology's decision not to return the City's allegedly defective application for correction.

_____
MAXA, C.J.

We concur:

_____
JOHANSON, J.

_____
SUTTON, J.