# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL J. COLLINS, | No. 54939-5-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF LABOR & INDUSTRIES and OLYMPIC INTERIORS, INC., | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Michael Collins worked as a drywall installer when he experienced shoulder and neck pain. He filed a workers' compensation claim with the Department of Labor and Industries (the Department), claiming work-related injuries to his shoulder and neck. An independent medical examination concluded that Collins's shoulder condition was a work-related occupational disease, but that his neck pain was not work related. The Department compensated Collins for his shoulder disease, but segregated his neck pain from such claim. Collins appealed that order. Collins also separately filed an injury claim for his neck pain. The Department rejected such claim because Collins failed to produce evidence that the neck pain was caused by an injury or was work related. Collins also appealed the order denying the neck pain claim. The Board of Industrial Insurance Appeals (the Board) heard both appeals and dismissed them after finding that Collins had failed to prove his neck pain was either an occupational disease or an injury. Collins appealed to the superior court, and that court affirmed the Board's dismissal of the appeals. He appeals the superior court's order. We affirm.

FACTS

Collins worked as a drywall installer for approximately 40 years. After feeling pain in his shoulder and neck during a job, he submitted a workers' compensation claim for a neck/right shoulder occupational disease (claim number ZB-21147). The Department sent Collins to undergo an independent medical examination (IME).

The doctor diagnosed Collins's disease as right shoulder rotator cuff arthropathy that was work related. Collins also presented with neck issues, which the doctor described as "cervical disc degeneration" and concluded that this was not work related. Clerk's Papers (CP) at1278. The Department compensated Collins for his right shoulder rotator cuff arthropathy, classifying it as an occupational disease, but the Department segregated that disease from his cervical disc degeneration. Collins appealed the segregation order to the Board.

Collins also submitted a separate claim for an alleged neck injury (claim number ZB-23273). Collins testified that his second claim was submitted because his "cervical neck was not adjudicated as an injury" in his prior claim. CP at 2756. He did not provide evidence of a medical examination that shows he was evaluated for an injury. The Department rejected this injury claim. Collins appealed the rejection order to the Board.

Collins requested to have his claim manager testify at his appeal hearings. The Board denied Collins's request, concluding that the claim manager's testimony would improperly probe the decision-making process of an administrative officer.

At both his segregation order and rejection order hearings, the only medical testimony presented came from the doctor who examined Collins for his IME. The doctor testified that it was her opinion that cervical disc degeneration is not work related. She also testified that she evaluated Collins for occupational disease and determined his right shoulder rotator cuff

arthropathy was caused by his employment, but that she had not examined Collins for his injury claim and could therefore not state an opinion about it.

The Board found that Collins had failed to prove his cervical disc degeneration was work related or that an injury had occurred and was work related. The Board then concluded that Collins had failed to satisfy his duty of establishing a prima facie case for both claims and dismissed them. Collins appealed to the superior court.

After a hearing, the superior court found that Collins failed to present sufficient evidence that his cervical disc degeneration was work related or that he sustained an injury. The court concluded that the Board did not err in its decision because Collins failed to meet his burden of providing evidence to establish a prima facie case. The court also ruled that the Board did not err when it determined the claim manager's testimony was not relevant to whether Collins could establish his prima facie case. The superior court affirmed the Board's decisions. Collins appeals the superior court order affirming the Board's orders segregating the shoulder condition and rejecting the shoulder claim and the order denying his motion for reconsideration.

54939-5-II

ANALYSIS[1]

I.      STANDARD OF REVIEW

We review workers' compensation claims to determine "'whether substantial evidence supports the findings made after the superior court's de novo review, and whether the [superior] court's conclusions of law flow from the findings.'" *Street v. Weyerhaeuser Co.*, 189 Wn.2d 187, 205, 399 P.3d 1156 (2017) (internal quotation marks omitted) (quoting *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999)).

II.     APPEALS UNDER THE INDUSTRIAL INSURANCE ACT

The Industrial Insurance Act (IIA), Title 51 RCW, guarantees compensation for workers injured or suffering from occupational disease resulting from their employment. RCW 51.32.010; RCW 51.32.180; *Ma'ae v. Dep't of Labor & Indus.*, 8 Wn. App. 2d 189, 199, 438 P.3d 148 (2019); *Weyerhaeuser*, 189 Wn.2d at 193-94. The IIA differentiates between occupational disease and on the job injuries. Under RCW 51.32.180, workers "who suffer[] disability from an occupational disease in the course of employment" are entitled to "the same compensation benefits" as injured workers. An occupational disease "arises naturally and proximately out of employment." RCW

---

[1] Collins mentions several issues that were not fully briefed and lacked citations to the record or legal authority. He argues that the Department had a financial interest in segregating his cervical disc degeneration and rejecting his injury claim, claiming the Department had an ulterior motive to protect his employer, that the Department's decision was not discretionary because segregation is a legal concept that his claim manager was incapable of reaching, that the Board improperly accepted the medical opinion of a lay witness, and that the Department violated his equal protection, due process rights, and property rights. Collins fails to cite relevant legal authority for any of these arguments. Because we do not consider claims unsupported by the record or legal authority, we refuse to address them. *See Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004).

Collins argues that he exhausted his administrative remedies before the superior court heard his case on the merits, so he is entitled to mandamus. But exhaustion of administrative remedies is irrelevant because chapter 51.52 RCW provides that Collins may only seek relief by appealing to the Board and then to the superior court. RCW 51.52.050(2)(a); RCW 51.52.110.

51.08.140; *Weyerhaeuser*, 189 Wn.2d at 194. Under RCW 51.08.140, a claimant must produce evidence showing that employment proximately caused such disease and would not have occurred but for employment. *Weyerhaeuser*, 189 Wn.2d at 194.

Under RCW 51.08.100, an injury "means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical conditions as result therefrom." "The causal connection between a claimant's condition and his employment must be established by competent medical testimony that shows that the condition is probably, not merely possibly, caused by the employment." *City of Bellevue v. Raum*, 171 Wn. App. 124, 140, 286 P.3d 695 (2012) (footnote omitted).

The Department has original and exclusive jurisdiction to determine whether workers' compensation claims are compensable. *Brakus v. Dep't of Labor & Indus.*, 48 Wn.2d 218, 220-21, 292 P.2d 865 (1956). A claimant may appeal the Department's decision to the Board. RCW 51.52.050(2)(a). The claimant carries the burden of providing sufficient evidence "to establish a prima facie case for the relief sought in such appeal." RCW 51.52.050(2)(a). The Board reviews an appeal from the Department's decision de novo. RCW 51.52.100; *Coaker v. Dep't of Labor & Indus.*, 16 Wn. App. 2d 923, 930, 484 P.3d 1265, *review denied*, 198 Wn.2d 1020 (2021).[2] A claimant may appeal adverse decisions of the Board to the superior court. RCW 51.52.110.

A.      Department Jurisdiction

Collins argues that the Department lacked jurisdiction to issue a rejection order on his injury claim because the Board had accepted an appeal of the segregation order. We disagree.

---

[2] Collins argues that the Board should have reviewed his case under an abuse of discretion standard. Because the standard of review for the Board is de novo, we reject his argument. RCW 51.52.100; *Coaker*, 16 Wn. App. 2d at 930.

Collins fails to cite to any legal authority that prohibits the Department from adjudicating a claim when a separate claim from the same claimant has been appealed. Under *Brakus*, the Department has original and exclusive jurisdiction to hear all claims under Title 51 RCW. 48 Wn.2d at 220-21. Because he does not provide authority or argument that overcomes *Brakus*, Collins's argument fails.

B.      Segregation and Rejection Orders

Collins argues that the segregation order is not legally supported. He argues that no statute supports such segregation and that his condition could have been "[l]it up" by his work at Olympic Interiors, which would allow for recovery under a workers' compensation claim. Br. of Appellant at 16-17. Further, he argues that his rejected injury claim should have been compensated. We disagree.

In his brief, Collins incorrectly argues that his claims should not have been segregated or dismissed because the Department did not produce evidence to prove the claims were not work related. Collins misstates which party bears the burden of proof. Under RCW 51.52.050(2)(a), Collins bears the burden of proving his claims. To prevail on appeal, Collins must establish a prima facie case that his cervical disc degeneration or his alleged injury were work related. *See* RCW 51.52.050(2)(a). To do so, Collins must provide medical testimony that such conditions resulted from his work. *Weyerhaeuser*, 189 Wn.2d at 194-95; *Raum*, 171 Wn. App. at 140.

Collins fails to satisfy his burden because he did not present sufficient evidence that his cervical disc degeneration and his alleged injury were work related. The only evidence presented about the causes of his occupational disease and injury was testimony from the doctor who examined him. Collins argues that Dr. Sullivan's testimony was not enough to segregate his cervical disc injury and deny his injury claim. However, Dr. Sullivan unequivocally testified that

it was her opinion and the consensus of the medical community that cervical disc degeneration is not related to employment. Additionally, she testified that she was not asked to evaluate Collins for injury and therefore could not offer an opinion on his injury claim. Collins did not offer any evidence that disputes Dr. Sullivan's testimony. The Board found that Collins had failed to prove his cervical disc degeneration was work related or that he had suffered an injury at work. The superior court examined the Board's findings and the evidence submitted by Collins and found that Collins failed to present evidence sufficient to establish his cervical disc degeneration was work related or that he suffered an injury at work. The court affirmed the Board's decision to dismiss Collins's claims.

Substantial evidence supports the superior court's findings, because Collins did not provide any evidence to show his cervical disc degeneration was work related or that he suffered an injury. By failing to provide such evidence, Collins did not establish a prima facie case. We affirm the superior court's ruling because its findings are supported by substantial evidence and Collins therefore failed to satisfy his duty under RCW 51.52.050(2)(a) to establish a prima facie case.

C.    Claim Manager's Testimony

Collins argues that the superior court erred when it rejected his request to have his Department claim manager testify. He argues that the claim manager mishandled his case, and accuses him of duplicitous conduct, which he argues was an abuse of discretion. We disagree.

We conclude Collins was not entitled to have his claim manager testify, because such testimony would not help him establish his prima facie case. The superior court found that the Board did not err when it determined the claim manager's testimony was not relevant to whether Collins could establish his prima facie case. Substantial evidence supports such finding because

7

Collins failed to argue how the claim manager's testimony would prove his cervical disc degeneration was work related or that he suffered an injury. We affirm the superior court's ruling.

III.    SPOLIATION

Collins argues that his employer committed spoliation of evidence, including forging timesheets and providing intentionally inconsistent testimony at his hearings. We conclude that the issue of spoliation is irrelevant to the case before us.

A party commits spoliation by intentionally destroying evidence. *Henderson v. Tyrrell*, 80 Wn. App. 592, 605, 910 P.2d 522 (1996). The doctrine allows the trial court to sanction a party that commits spoliation, but "for a direct sanction to apply the spoliation must in some way be connected to the party against whom the sanction is directed." *Id*. at 606.

Here, Collins only argues that his employer committed spoliation, not the Department or the Board. Under spoliation, sanctions are proper only against the party responsible. *Id*. Therefore, even if his employer committed spoliation, sanctions would be improper against the Department. Collins also fails to identify his requested remedy. The only remedy we could provide to Collins in this case is to conclude that the superior court erred in affirming the Board's findings and ruling. *See Weyerhaeuser*, 189 Wn.2d at 205. Collins fails to argue how evidence of spoliation would assist us in evaluating the superior court's decision. Further, he fails to show how the evidence that was destroyed would assist him in establishing his prima facie case, which is the issue Collins must prevail on to succeed here. *See* RCW 51.52.050(2)(a). Collins's spoliation argument is irrelevant to his appeal.

CONCLUSION

We conclude that the superior court's findings are supported by substantial evidence because Collins failed to provide sufficient evidence to prove his cervical disc degeneration was work related or that he suffered a work injury. Due to the lack of evidence, Collins failed to satisfy his statutory burden of establishing a prima facie case. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, P.J.

_____
Price, J.